**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4100

CONSTANCE SERENE EVANS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-91-234-G)

Submitted: October 29, 1996

Decided: November 19, 1996

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Scott P. Mebane, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1992, Constance Serene Evans pled guilty to one count of bank embezzlement, in violation of 18 U.S.C.A. § 656 (West Supp. 1996). She had embezzled $23,000 from the bank where she worked as a teller. After a brief confinement, Evans commenced a five-year period of supervised release and began to pay $200 per month toward $23,000 in restitution imposed by the district court.

Since January 1994, the district court has held four hearings monitoring Evans's compliance with the terms of her supervised release, specifically over her failure to make timely payments, file timely monthly reports, and keep the probation office informed of her employment. The district court found the violations as alleged, but three times allowed Evans to remedy her failures. At the fourth hearing, the district court found that Evans willfully failed to comply with the terms of her supervised release, by failing to make timely payment toward restitution, failing to appear at a scheduled meeting with the probation office, and applying for consumer credit without prior approval from the probation office. Evans was sentenced to nine months imprisonment, with the entire amount of restitution due and owing. She appeals that revocation.

We review the district court's revocation of supervised release for abuse of discretion. United States v. Stephenson , 928 F.2d 728, 731 (6th Cir. 1991); see United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (applying the standard). Evans first challenges the district court's restitution order in the underlying judgment, arguing that the court improperly delegated the authority to establish a payment schedule to the probation officer in violation of United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995). We hold that this claim is not properly before this court.

2

An unappealed sentence or a sentence upheld on appeal is presumed valid until vacated under 28 U.S.C. § 2255 (1994), <u>amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, the exclusive remedy for challenging the validity of a sentence. <u>United States v. Almand</u>, 992 F.2d 316, 317-18 (11th Cir. 1993). Evans did not appeal her conviction and sentence, nor has she filed a motion under § 2255. She has therefore improperly raised this claim on this appeal.

Evans next argues that the district court erred in finding that she willfully failed to pay the restitution, when in fact she was unable to pay. <u>See Bearden v. Georgia</u>, 461 U.S. 660, 672-73 (1983). But the record is clear that the district court's decision was based on the monthly financial reports Evans submitted to the probation office and Evans's own testimony. Counsel for Evans declined to argue that Evans could not make the payments. Further, supervised release was revoked for reasons other than the financial one. The district court's actions were in full compliance with <u>Bearden</u>.

Accordingly, we find that the district court did not abuse its discretion in revoking Evans's supervised release, and we affirm that decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3