UNITED STATES of America, Plaintiff–Appellee,

v.

Victoria Kaye JOHNSON, a/k/a Victoria Kaye Southern, Defendant– Appellant.

No. 94–5472.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1994.

Decided March 3, 1995.

**ARGUED:** Gregory Davis, Asst. Federal Public Defender, Greensboro, NC, for appellant. Scott Patrick Mebane, Asst. U.S. Atty., Greensboro, NC, for appellee. **ON BRIEF:** William E. Martin, Federal Public Defender, Greensboro, NC, for appellant. Walter C. Holton, Jr., U.S. Atty., Greensboro, NC, for appellee.

Before NIEMEYER and MICHAEL, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.

Vacated and remanded for resentencing by published opinion. Judge NIEMEYER wrote the opinion, in which Judge MICHAEL and Judge MESSITTE joined.

## OPINION

NIEMEYER, Circuit Judge:

Victoria Kaye Johnson used stolen checks and credit cards to defraud financial institutions and individual account holders of $35,069.10. She was convicted of bank fraud in violation of 18 U.S.C. § 1344 and sentenced to 46 months imprisonment and five years of supervised release. The district court also ordered Johnson to pay restitution of "not less than $6,000.00 but not more than $35,069.10, in such amounts and at such times as may be directed by the Bureau of Prisons and/or the Probation Officer." The court ordered that the restitution be paid in installments "of not less than $100.00 per month ... during the period of supervised release and payments shall be greater if the Probation Officer determines the defendant is capable of paying more."

At the time of sentencing, Johnson was serving a four-year term of imprisonment for similar conduct imposed seven months earlier by the Municipal Court of Los Angeles, California.

On appeal, Johnson contends that the district court erred (1) in failing to consider U.S.S.G. § 5G1.3 (governing the imposition of a sentence when the defendant is "subject to an undischarged term of imprisonment"), and (2) in delegating to the probation officer the determination of the total and the installment amounts of restitution. Because we agree with Johnson on these two points we do not reach her third point that the record does not support the district court's finding that Johnson is able to pay restitution in the maximum amount ordered.

## I

■ At the time of her sentencing hearing on May 25, 1994, Johnson was subject to an undischarged four-year sentence of imprisonment imposed by a California state court on October 22, 1993, about seven months earlier. Because Johnson was serving a term of imprisonment at the time of her sentencing in this case, she was subject to the provisions of U.S.S.G. § 5G1.3, governing the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. If the district court fully took into account the California state sentence in imposing the 46-month term of imprisonment in the instant case, the sentence for the instant offense should have been imposed to run concurrently with the undischarged state term of imprisonment. See U.S.S.G. § 5G1.3(b). If not, then the court should have imposed a sentence for the instant offense to run consecutively to the undischarged state term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." See U.S.S.G. § 5G1.3(c). The district court apparently did not consider U.S.S.G. § 5G1.3 and it is not clear, either from the transcript or from the face of the sentencing order itself, whether the term of imprisonment imposed for the instant offense is to run concurrently or consecutively to the undischarged term of imprisonment imposed by the California court. Accordingly, it is necessary that we remand this case for resentencing to enable the district court to apply U.S.S.G. § 5G1.3. See United States v. Wiley–Dunaway, 40 F.3d 67 (4th Cir.1994).

## II

■ Johnson also contends that the district court erred in delegating certain aspects of the determination of the restitution award to the probation officer. In its order of restitution, the district court ordered that:

The defendant shall make restitution of not less than $6,000.00 but not more than $35,069.10, in such amounts and at such times as may be directed by the Bureau of Prisons and/or the Probation Officer. Restitution payments of not less than $100.00 per month shall be made during the period of supervised release and payments shall be greater if the Probation Officer determines the defendant is capable of paying more. Restitution is to be paid jointly and severally with co-defendant, Darryl Cormick Southern.

In explaining this order, the district judge noted:

Payments shall be greater if the probation officer determines the defendant is capable of paying more.

\* \* \* \* \* \*

Restitution in this case, just like in any other case, can be adjusted appropriately by the probation officer or the Court, depending on the defendant's ability to pay, should that change either upwardly or downwardly.

Thus, the district court established a total range of restitution from $6,000.00 to $35,069.10 and a minimum monthly installment of $100.00 during her sixty-month period of supervised release. The ultimate determination of Johnson's exact payment in restitution was assigned to the probation officer, presumably as an incident to the officer's authority to manage the conditions of supervised release.

 The district court is given the authority in sentencing to order, in addition to any other penalty authorized, the payment of restitution to the victim. 18 U.S.C. §§ 3556 & 3663. Because this authority is conferred upon the court, only the court may resolve any dispute "as to the proper amount" of restitution. 18 U.S.C. § 3664(d). In ordering restitution, the court is authorized to require a payment "within a specified period or in specified installments," as long as the date of any payment is not later than the period of probation or supervised release, but not more than five years after sentencing or imprisonment, if imprisonment is ordered. 18 U.S.C. § 3663(f). If the court does not specify the term of payment or allow payment in installments, the restitution is payable "immediately." 18 U.S.C. § 3663(f)(3). The court is also authorized to revoke or modify a restitutionary order. 18 U.S.C. § 3663(g). An order of restitution is enforceable as would be a fine or a civil judgment, by either the United States or the victim. 18 U.S.C. § 3663(h). The role of the probation officer is to supervise the order of restitution entered by the court to the extent provided

by statute or ordered by the court. *See* 18 U.S.C. § 3603.

Probation officers are appointed by the district court and serve under its direction.\* They are authorized to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court, including the payment of restitution. 18 U.S.C. §§ 3601, 3602, 3603(4) & (7). Probation officers are also given authority to report to the court any violation of conditions of probation or supervised release. 18 U.S.C. § 3603(7) & (8). No statutory provision, however, assigns a probation officer any judicial function, such as the authority to determine the amount of restitution. But the probation officer may be required to "perform any other duty that the court may designate." 18 U.S.C. § 3603(9). The question presented in this case is whether the court may, in accordance with 18 U.S.C. § 3603(9), delegate to a probation officer the authority to determine, within a range, the amount of restitution or the amount of installment payments of a restitution order. We hold that this delegation from a court to a probation officer would contravene Article III of the United States Constitution and is therefore impermissible.

██ Sections 3663 and 3664 of Title 18 clearly impose *on the court* the duty to fix terms of restitution. This statutory grant of authority to the court must be read as exclusive because the imposition of a sentence, including any terms for probation or supervised release, is a core judicial function. *See Ex Parte United States,* 242 U.S. 27, 41, 37 S.Ct. 72, 74, 61 L.Ed. 129 (1916) (imposing punishment is a judicial function); *Whitehead v. United States,* 155 F.2d 460, 462 (6th Cir.) ("[f]ixing the terms and conditions of probation is a judicial act which may not be delegated"), *cert. denied,* 329 U.S. 747, 67 S.Ct. 66, 91 L.Ed. 644 (1946). While the statute does authorize the district court to order the probation officer to perform such duties as the court directs, *see* 18 U.S.C. § 3603(9), the type of duty that the court

---

\* The district court is also given authority to remove for cause a probation officer appointed with compensation. 18 U.S.C. § 3602(a).

may so delegate is limited by Art. III. Cases or controversies committed to Art. III courts cannot be delegated to nonjudicial officers for resolution. That general principle does not, however, prohibit courts from using nonjudicial officers to *support* judicial functions, as long as a judicial officer retains and exercises ultimate responsibility. It has long been recognized that courts may utilize masters and commissioners in connection with factfinding, and the Supreme Court has affirmed Congress' delegation of factfinding functions to an administrative agency. *See Crowell v. Benson,* 285 U.S. 22, 54, 52 S.Ct. 285, 293, 76 L.Ed. 598 (1932) (affirming right of United States Employees' Compensation Commission to determine awards for injured employees, since the "reservation of full authority to the court to deal with matters of law provide[d] for the appropriate exercise of the judicial function"). But in every delegation, the court must retain the right to review findings and to exercise ultimate authority for resolving the case or controversy. *See United States v. Raddatz,* 447 U.S. 667, 683, 100 S.Ct. 2406, 2416, 65 L.Ed.2d 424 (1980) (holding that delegating the role of factfinder and recommender to magistrate judges under the Federal Magistrate Act does not violate Art. III "so long as the ultimate decision is made by the district court"); *cf. Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 76–87, 102 S.Ct. 2858, 2874–88, 73 L.Ed.2d 598 (1982) (finding the Bankruptcy Act of 1978 unconstitutional under Art. III because "essential attributes of the judicial power" were not retained in an Art. III court).

In this case, the district court appears to have delegated to the probation officer the final authority to determine the amount of restitution and the amount of installment payments (albeit within a range), without retaining ultimate authority over such decisions (such as by requiring the probation officer to *recommend* restitutionary decisions for approval by the court). The order was understandably fashioned to address a situation where the defendant did not have assets to pay restitution immediately but had the capacity to earn money for payment in the future. Since indigency might be a temporary condition and the defendant's future earnings could not be accurately forecasted at the time of sentencing—particularly when the defendant faced a prison term of almost four years and supervised release of five years—fixing an inflexible amount of payment at the time of sentencing would be perilous at best. The problem is a difficult one, and we recognize that district courts, to remain efficient, must be able to rely as extensively as possible on the support services of probation officers. But making decisions about the amount of restitution, the amount of installments, and their timing is a judicial function and therefore is non-delegable. *See Arnold v. United States,* 271 F.2d 440, 441 (4th Cir.1959) ("duties imposed upon the Court cannot be discharged ... by the probation officer"); *cf. United States v. Stuver,* 845 F.2d 73 (4th Cir.1988) (restitution ordered "in an amount to be determined by [defendant's] probation officer" is "illegally imposed"). This has been the conclusion of all but one of the other circuits that have considered this question. *See United States v. Porter,* 41 F.3d 68 (2nd Cir.1994) (sentencing court cannot delegate decisions as to amount of restitution or the scheduling of installment payments); *United States v. Albro,* 32 F.3d 173 (5th Cir.1994) (district court is free to receive and consider recommendations from probation officer, but court itself must designate the timing and amount of payments); *United States v. Gio,* 7 F.3d 1279 (7th Cir.1993) (district court may not, after fixing amount of restitution, delegate ultimate authority for determining amounts of installments to probation officer); *cf. Dougherty v. White,* 689 F.2d 142, 145 n. 1 (8th Cir.1982) ("better practice" for sentencing court to set amount of restitution). *But see United States v. Barany,* 884 F.2d 1255 (9th Cir.1989) (district court must fix *maximum* amount of restitution, but may delegate to the probation officer questions concerning the defendant's ability to pay and the timing and manner of payment to the probation officer), *cert. denied,* 493 U.S. 1034, 110 S.Ct. 755, 107 L.Ed.2d 771 (1990).

For the foregoing reasons, the sentence in this case is vacated and the case remanded for resentencing consistent with this opinion.