73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tonie M. COCKRELL, Defendant-Appellant.
 No. 95-5079.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1995.
Decided Dec. 7, 1995.
 
 James K. Bredar, Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Brent J. Gurney, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.
 Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tonie Cockrell pled guilty to conspiracy to misapply bank funds in violation of 18 U.S.C. Sec. 371 (1988). Cockrell's plea agreement provided that she would make restitution in the amount the court ordered. However, information in the presentence report showed Cockrell recently declared bankruptcy, had only $1950 in assets, was unemployed, and was unable to pay a fine. The probation officer noted that restitution could be ordered, but made no recommendation concerning the amount.
 
 
 2
 The district court imposed a sentence of ten months incarceration, recommending that five months be served in a halfway house with a work release program and the remaining five months in home detention with electronic monitoring. The court also imposed supervised release for three years and ordered restitution of $10,000. The probation officer was given the authority to determine the payment schedule and whether Cockrell would have to pay the full amount of restitution. Cockrell appeals the order of restitution, contending that the court failed to make specific factual findings before ordering restitution, and that the court made an impermissible delegation of authority to the probation officer.[1] For the reasons explained below, although we affirm the conviction, we vacate the order of restitution and remand for resentencing on that issue.
 
 
 3
 We held recently that "making decisions about the amount of restitution, the amount of installments, and their timing is a judicial function and therefore is non-delegable."[2] Determining restitution may be difficult and does require the assistance of probations officers, but if the district court (as it did here) delegates the task of determining the amount or schedule of payments, the restitution order must be vacated and the case remanded for resentencing.[3]
 
 
 4
 Cockrell's conviction and sentence of incarceration are affirmed. The order of restitution is vacated and the case is remanded to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 We believe the restitution issue has been adequately preserved for appeal because at the sentencing hearing defense counsel (i) said it is "rather unsettling to make orders where the probation officer is the sole determinant of how much should be paid per month," (ii) said that restitution of $25,000 (the initial figure set by the court) would not be realistic, and (iii) expressed concern that Cockrell would be supervised by a new probation officer in another state who might not fully understand her financial situation. The district court, recognizing that defense counsel had taken issue with the sentence, said at the conclusion, "If anybody believes I have erred, they have a right to appeal any sentence."
 
 
 [2]
 United States v. Johnson, 48 F.3d 806, 809 (4th Cir.1995). We recognize, of course, that the district court did not have the benefit of Johnson when Cockrell was sentenced
 
 
 [3]
 Id.; see also United States v. Porter, 41 F.3d 68, 71 (2d Cir.1994); United States v. Murphy, 28 F.3d 38, 42 (7th Cir.1994); United States v. Gio, 7 F.3d 1279, 1292-93 (7th Cir.1993)