**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5236

CECIL FERNANDO CRAWFORD, a/k/a
George McNish, a/k/a Clarence B.
Britton,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-94-232)

Submitted: December 29, 1995

Decided: January 30, 1996

Before HAMILTON and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Gregory Davis, Assis-
tant Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Loretta C. Biggs,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cecil Fernando Crawford pled guilty to illegal re-entry by a deported alien, 8 U.S.C.A. § 1326(a), (b)(2) (West Supp. 1995), and to making false statements on a passport application, 18 U.S.C.A. § 1542 (West Supp. 1995). He received a sentence of 68 months imprisonment which, by operation of 18 U.S.C. § 3584(a) (1988), will run consecutively to the state sentence he was serving when he was sentenced for the instant offense. Crawford contends on appeal, and the government concedes, that the district court erred in failing to apply USSG § 5G1.3(c), p.s.[1] to determine to what extent a consecutive sentence was necessary to achieve a reasonable incremental punishment for the instant offense. We vacate the sentence and remand for resentencing.

Crawford, a Jamaican citizen, was deported in 1991 after being convicted of cocaine trafficking in Missouri. In June 1994, Crawford was arrested in Winston-Salem, North Carolina, on drug charges. In September, he received a state sentence of seven years imprisonment. In December 1994, Crawford pled guilty to illegally re-entering the country and to making false statements on a passport application. The second charge was based on Crawford's attempt, in May 1994, to obtain a United States passport under the name of Clarence Britton, an American citizen.

The probation officer recommended an offense level of 21, a criminal history category of IV, and a guideline range of 57-71 months. At the sentencing hearing, defense counsel informed the district court that Crawford's expected release date for his state sentence was December 1997, leaving him approximately 30 months still to serve.

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

The attorney asked the district court to apply USSG§ 5G1.3(c)**2** by imposing a sentence partially concurrent with the state sentence Crawford was already serving. Under USSG § 5G1.3(c), when a defendant is sentenced while serving an undischarged sentence, a consecutive sentence is imposed for the instant offense "to the extent necessary to achieve a reasonable incremental punishment."

The district court explained its understanding of the procedure for applying USSG § 5G1.3(c). However, the court then sentenced Crawford without applying USSG § 5G1.3(c), leaving open the possibility of changing the sentence later if necessary. The court stated that it would contact the Sentencing Commission for guidance and invited the parties to do the same. No further action was taken.

The district court was required to apply USSG § 5G1.3(c) to determine a reasonable incremental punishment. United States v. Johnson, 48 F.3d 806, 807 (4th Cir. 1995). Therefore, we vacate Crawford's sentence and remand for resentencing. On remand, the district court should determine to what extent, if any, a consecutive sentence is necessary to achieve a reasonable incremental punishment for the instant offense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

**2** Neither § 5G1.3(a) nor§ 5G1.3(b) applied; a defendant who is sentenced while serving an undischarged sentence in any other case is sentenced under § 5G1.3(c).

3