**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5731

JONATHAN BAGWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Richard B. Kellam, Senior District Judge.
(CR-95-91)

Submitted: July 9, 1996

Decided: July 19, 1996

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Helen F. Fahey, United States Attor-
ney, Robert J. Krask, Assistant United States Attorney, Norfolk, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jonathan Bagwell appeals from the district court's order revoking his supervised release and imposing a seven-month prison sentence. Bagwell contends that the revocation was not supported by sufficient evidence and that the restitution order in the underlying judgment was illegal. We affirm.

I.

A jury convicted Bagwell of three counts of bank fraud and three counts of making false statements to financial institutions. The United States District Court for the District of Connecticut sentenced Bagwell to a total of five years in prison on five counts. On the last count, the court sentenced Bagwell to twenty-one months imprisonment to be followed by a three-year term of supervised release and ordered him to pay restitution in the amount of $37,372.48, with payments to be made at the discretion of the U.S. Probation Office. The court also imposed a special condition of supervised release, which provided that Bagwell "shall not have any bank accounts, money market accounts, etc., or engage in any financial transaction over $500[,] or engage in any real estate or business transactions, or handle other people's money without prior knowledge and preapproval of the U.S. Probation Office." (J.A. at 22). Bagwell did not appeal his convictions.

After serving his prison sentence, Bagwell was released in 1992, and jurisdiction over the supervised release portion of his sentence was transferred to the Eastern District of Virginia. In 1995, the probation officer filed a petition for revocation of Bagwell's supervised release.

At the revocation hearing, Bagwell and the Government stipulated to five violations of Bagwell's supervised release conditions--failing

2

to make restitution payments of at least $50 a month as directed by the probation officer, travelling outside the district without the probation officer's permission, failing to submit timely monthly supervision reports, failing to answer truthfully the probation officer's questions, and engaging in financial transactions over $500 without the probation officer's prior approval. Bagwell had entered a lease that required him to pay $50,400 in rent over a three-year period. Based on these violations, the court revoked Bagwell's supervised release and sentenced him to seven months in prison. This appeal followed.

II.

Bagwell first claims that there was insufficient evidence to support the revocation of his supervised release. He contends that the special supervised release condition that prohibited him from engaging in financial transactions over $500 without the probation officer's prior approval did not provide sufficiently clear and specific guidance as to what conduct would violate the condition, as required by 18 U.S.C.A. § 3583(f) (West 1985 & Supp. 1996). Because Bagwell did not raise this argument in the district court, we review the court's interpretation of the special condition only for plain error. See United States v. Olano, 507 U.S. 725, 732-35 (1993). We find no plain error here. Even if the special condition imposing the $500 limitation did not satisfy § 3583(f), Bagwell admitted that he had violated four other conditions of his supervised release.

Bagwell next challenges the district court's order of restitution in the underlying judgment by claiming that the district court could not base the revocation of supervised release on an illegal condition. Specifically, Bagwell claims that when the district court ordered restitution in 1992, it delegated the authority to establish a payment schedule to the probation officer in violation of United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995). We find that this claim is not properly before this court.

An unappealed sentence or a sentence upheld on appeal is presumed valid until vacated under 28 U.S.C. § 2255 (1988), as amended by Act of Apr. 24, 1996, 28 U.S.C.S. § 2255 (Law. Co-op. Advance Sheet June 1996), the exclusive remedy for challenging the validity

3

of a sentence. <u>United States v. Almand</u>, 992 F.2d 316, 317-18 (11th Cir. 1993). Bagwell did not attempt to commence an action under § 2255 for relief from his sentence based on the alleged improper restitution order. Rather, through counsel, he raised his contentions on appeal from the revocation of supervised release after stipulating to the violation before the district court. Bagwell therefore improperly raised his claim in this court in the first instance. But even if Bagwell's claim could be construed as a § 2255 motion, we are without jurisdiction to act on his claim because the § 2255 motion could only be brought in the United States District Court for the District of Connecticut, the court which imposed sentence. <u>See Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 497 (1973).

III.

Accordingly, because there is no plain error in the district court's revocation of Bagwell's supervised release and because his challenge to the underlying restitution order is not properly before us, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4