**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-639**

---

In Re: JIMMY LAWRENCE NANCE,

Petitioner.

---

On Petition for Writ of Mandamus. (CA-96-334-R)

---

Submitted: January 9, 1997         Decided: January 21, 1997

---

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Jimmy Lawrence Nance, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant has filed a petition for writ of mandamus seeking this court to compel the district court and the United States Bureau of Prisons to cease withholding funds from his prisoner's account for the purpose of paying his court-ordered restitution. Appellant claims that this practice violates this court's directives in United States v. Miller, 77 F.3d 71 (4th Cir. 1996), and United States v. Johnson, 48 F.3d 806 (4th Cir. 1995).

Mandamus is a drastic remedy, only to be granted in extraordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394 (1976)). The party seeking mandamus relief has the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953)); Beard, 811 F.2d at 826. Courts are extremely reluctant to grant a writ of mandamus, and the decision is within the discretion of the court addressing the application for the writ. Beard, 811 F.2d at 827 (citations omitted).

We find that Appellant has not met his burden of proof such that mandamus is the proper remedy in this situation. Mandamus is not a substitute for appeal, In re United Steelworkers of America, 595 F.2d 958, 960 (4th Cir. 1979), and given that the district court's sentencing order requires immediate payment in full of restitution by Appellant, Appellant's right to relief by way of

2

mandamus is not clear. See Mallard, 490 U.S. at 309; In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Accordingly, we deny Appellant's request for mandamus, and his motion for injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

PETITION DENIED