**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4151

LEONARD A. BRAMSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-92-145-JFM)

Argued: October 28, 1996

Decided: February 24, 1997

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed in part and remanded in part by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Daniel E. Ellenbogen, Washington, D.C., for Appellant.
Andrew Clayton White, Assistant United States Attorney, Baltimore,
Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United
States Attorney, Carmina S. Hughes, Assistant United States Attor-
ney, Joseph L. Evans, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendant-Appellant, Leonard Bramson, pled guilty to money laundering pursuant to 18 U.S.C. § 1956(a)(1)(A)(I). Bramson was sentenced to 108 months in prison, 3 years of supervised release, and was required to make restitution in the amount of $3,600,000. Bramson's sentence was modified due to his cooperation with the government in another case. At the second sentencing hearing, Bramson's sentence was reduced by 11 months, and the restitution order was reimposed. The district court also reimposed its earlier order requiring the probation officer to establish a restitution payment schedule.

Bramson appeals, arguing that 1) the restitution order is now unnecessary because there is a valid civil judgment against him; 2) the district court made inadequate findings regarding Bramson's ability to pay; and 3) the district court improperly delegated the execution of the restitution order.

We affirm except as to the Appellant's assertion that the district court improperly delegated its authority regarding the execution of the restitution order. The government has conceded that the delegation of the order was improper, and we agree. Therefore, we remand the case to the district court for the sole purpose of creating a payment process consistent with this opinion.

I. BACKGROUND

Bramson was involved in a sophisticated insurance scheme that purported to provide medical malpractice insurance to physicians. Bramson created several insurance companies which collected premiums from physicians, transferred those premiums to off-shore accounts, and then refused to pay insurance claims as required.

2

In 1991, the Circuit Court for Baltimore City placed Bramson's businesses in receivership in order to collect assets and reimburse the physicians and other claimants who had been defrauded. The receiver estimated that the fraud took in approximately $10,000,000. As of May 1994, the receiver had recovered $6,400,000. In addition, the receiver believed that there was a high likelihood that the Bramson family held other assets throughout the world.

After Bramson's sentence, a civil judgment was entered against Bramson for $35,600,000 for damages resulting from the insurance fraud. None of that judgment has been recovered from Bramson.

Bramson's plea agreement included a provision which would allow for the reduction of Bramson's sentence if Bramson cooperated with the government in another pending case. The United States Attorney's Office for the District of New Jersey requested such a reduction to reward Bramson for his cooperation in relation to a case in New Jersey. The government filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Several months later, Bramson filed a motion for reduction of sentence which included a request to vacate the original restitution order.

A hearing was held on the modification order, and the district court granted the motion and reduced the defendant's sentence to 97 months. The court reimposed the three years of supervised release, the restitution order, and the requirement that the probation officer establish a restitution payment schedule.

## II. DISCUSSION

Appellant first argues that the district court's restitution order was improper in the instant case. The decision to order restitution pursuant to the Victim and Witness Protection Act of 1982 (VWPA), as amended, 18 U.S.C.A. §§ 3663-3664 (West 1985 & Supp. 1996), is within the discretion of the district court and the court of appeals will review for abuse of discretion. United States v. Blake, 81 F.3d 498, 505 (4th Cir. 1996).

Appellant argues that the language of the VWPA prohibits the institution of restitution in the instant case. Section 3663(e)(1) states,

"The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation." Appellant argues that under the plain language of the statute restitution is improper since there is a civil court judgment against him so the victims "[are] to receive compensation." 18 U.S.C. § 3663(e)(1). However, just because the victims have a valid district court judgment does not mean that they will receive compensation. The "is to receive" language in 18 U.S.C. § 3663(e)(1) requires actual receipt or certainty regarding receipt. Mere speculation that a victim will receive compensation is insufficient to require a modification of a restitution award.

Appellant next argues that he is entitled to a reduction in restitution due to the civil judgment because without such a reduction he will be required to compensate victims twice. Appellant further argues that the restitution amount should be reduced pro tanto by any amount that might be recovered pursuant to a civil action. See United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993); United States v. Gaultier, 727 F.2d 711, 716 (8th Cir. 1984).

However, the authority cited by the Appellant is contrary to his argument. Both cases stand for the proposition that a restitution award should be reduced by any amount actually recovered, not potentially recovered from a civil action. See Savoie, 985 F.2d at 619 ("[T]he set-off provision is based upon actual payments rather than promises to pay at some future date(s)."); Gaultier, 727 F.2d at 716 ("[I]f AFFS receives anything in its civil action . . . Gaultier's obligation to make restitution is to be reduced pro tanto."); see also United States v. Fermin Castillo, 829 F.2d 1194 (1st Cir. 1987) (adopting the Gaultier standard). Thus, the civil judgment alone provides no basis for reduction in the restitution award.**1**

_____

**1** The Appellant should not have to "pay the piper twice." Savoie, 985 F.2d at 619, n.9. However, in the instant case, double counting is not a major concern. The civil judgment far exceeds the restitution award. Double counting would only be implicated if Bramson satisfies all but $3,600,000 of the $35,600,000 million civil judgment. If Bramson successfully satisfies his civil judgment, then Bramson can seek modification of the order at that time.

The Appellant further argues that the restitution order does not specify the victims to be compensated; therefore, he can never compensate the victims as required by the statute. 18 U.S.C.A. § 3663(e). However, since the receiver is entrusted with compensating the victims, the victims of Bramson's scheme are compensated when Bramson makes payments to the receiver. The district court was within its discretion when it ordered Appellant to pay the receiver who was appointed to manage the payment and collection of relevant funds. Such an order is practical and will lead to additional payments to the victims.[2]

In addition, Appellant questions the adequacy of the district court's factual findings regarding the restitution award. In order to ensure effective appellate review regarding restitution orders, sentencing courts must make explicit findings of fact on each of the factors set forth in 18 U.S.C. § 3664(a). United States v. Blake, 81 F.3d at 505; United States v. Bruchey, 810 F.2d 456, 458 (4th Cir. 1987). Such findings must tie the amount and type of restitution to the financial resources, needs, and earning ability of the defendant. Blake, 81 F.3d at 505. In addition, the court must make a specific finding that the defendant feasibly can comply with the order without undue hardship to himself or his dependents. Id. The court can satisfy this requirement by stating its findings or by adopting adequate findings in the presentencing report. Id. In the instant case, the district court adopted the presentencing report which was sufficient to satisfy Bruchey.

Appellant's third argument is that the district court improperly delegated the authority to set the restitution payment schedule to the Bureau of Prisons and the probation officer. Such a delegation is improper under United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995) ("making decisions about the amount of restitution, the amount of installments, and their timing is a judicial function and therefore is non-delegable"). The district court may delegate duties to the pro-

_____

[2] In addition, restitution is appropriate in the instant case despite the civil order because it is more likely that money will be recovered as a result of the restitution order. As a practical matter, restitution is much more easily collected by probation officials than by private citizens with a civil judgment, since probation officials are in a far better position to monitor the Appellant's financial status.

5

bation officer, but the district court must retain ultimate authority. The district court would satisfy this requirement if it required the probation officer to submit the payment schedule to the court for approval. We remand solely on this point, so that the district court may implement a restitution schedule consistent with this opinion.

AFFIRMED IN PART; REMANDED IN PART

6