**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 94-5925

LARRY DARNELL MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-93-270)

Argued: October 29, 1997

Decided: March 2, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and BULLOCK,
Chief United States District Judge for the Middle District of
North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Stuart Bruce, Deputy Federal Public Defender,
Greensboro, North Carolina, for Appellant. Kenneth Michel Smith,
Assistant United States Attorney, UNITED STATES ATTORNEY'S
OFFICE, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Wil-
liam E. Martin, Federal Public Defender, Greensboro, North Carolina,
for Appellant. Mark T. Calloway, United States Attorney, Gretchen

C.F. Shappert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case presents the question of whether the district court committed plain error in ordering the defendant to reimburse the Government for court-appointed attorney fees as a condition of supervised release. For the reasons stated below, we conclude that the court did not commit plain error and affirm the sentence imposed.

I.

On June 21, 1994, defendant-appellant Larry Darnell Moore entered into a plea agreement to plead guilty to conspiracy to possess and distribute a quantity of cocaine in violation of 21 U.S.C. § 846. The parties agreed that the amount of cocaine known and reasonably foreseeable to the defendant was in excess of 400 but less than 500 grams, and that the adjusted offense level was 24. J.A. at 14-20. The Government sought an enhanced penalty on the basis of a prior felony drug conviction. J.A. at 12-13.

The Presentence Report ("PSR") assigned career offender guideline level 34 to Moore under U.S.S.G. § 4B1.1(B) for offenses carrying a statutory maximum of twenty-five or more years. After a three-level reduction for acceptance of responsibility, Moore's Total Offense Level became thirty-one, which at Criminal History Category VI resulted in a sentencing range of 188 to 232 months. J.A. at 93.

The district court accepted Moore's guilty plea and imposed a sentence of 188 months followed by a period of supervised release of six

2

years. J.A. at 68-69. The court declined to impose a fine. The court did order, however, that Moore reimburse the Government for the costs of court-appointed counsel "on a schedule determined by the Bureau of Prisons and/or the probation officer as appropriate." J.A. at 68-69. From this order, Moore appeals.[1]

II.

Moore contends that the district court's order of reimbursement is not supported by adequate factual findings regarding his ability to pay. We disagree.

Pursuant to 18 U.S.C. § 3006A(f), before the court orders repayment of court-appointed counsel, the court must "find[ ] that funds are available for payment from or on behalf of a person furnished representation." However, the district court need not make an explicit finding on the record that the defendant has the ability to pay. This court may uphold reimbursement orders even if the district court did not make a specific finding on availability of funds as long as there is sufficient evidence to support the court's decision and the defendant did not object to that evidence. See United States v. Behnezhad, 907 F.2d 896, 900 (9th Cir. 1990); United States v. Gurtunca, 836 F.2d 283, 288 (7th Cir. 1987).

In this case, the district court had before it evidence to indicate that Moore could reimburse the Government upon his release from incarceration. Moore had completed the eleventh grade and claimed to have earned a GED while serving in the United States Marine Corps. Moore had a good work history and possessed vocational skills as a mechanic. J.A. at 65, 92-93. In addition, Moore had been paying rent

---

[1] Moore also argued in his assignments of error that the district court committed plain error in applying U.S.S.G. § 4B1.1 when Application Note 2 to that section was amended in the interim between preparation of the Presentence Report and the date of sentencing. After Moore filed this appeal and submitted his briefs, however, the United States Supreme Court held this amendment to Application Note 2 invalid in United States v. LaBonte, 117 S. Ct. 1673, modification denied, 117 S. Ct. 2505 (1997). As Moore's attorney conceded at oral argument, LaBonte renders moot this first assignment of error.

on a time-share cabin in Mocksville, North Carolina, at the rate of $118.00 per month. J.A. at 93. Furthermore, he had already made partial payment of his attorney's fees.**2** We also note that Moore signed a plea agreement whereby he promised to reimburse the Government for his attorney's services. J.A. at 16. These facts are sufficient to support the finding required by § 3006A(f).**3**

III.

Moore also contends that the district court erred by delegating to the United States Probation Office the responsibility to determine the amount and timing of his repayment of court-appointed attorney fees. See United States v. Johnson, 48 F.3d 806, 809 (4th Cir. 1995) (holding that sentencing courts may not delegate decisions about the amount and timing of restitution payments). Because Moore failed to object to this alleged error, we review only for plain error. See United States v. Olano, 507 U.S. 725, 730 (1993); see also Fed. R. Crim. P.

_____

**2** On September 26, 1994, Moore's attorney had moved for a change of status from retained to appointed, indicating that he had originally been retained upon payment of $700.00. Moore's custodial status apparently prevented him from earning more money to pay his attorney. The court granted the attorney's request on the understanding that any fee application submitted would reflect the $700.00 credit already paid. J.A. at 46-49.

**3** Moore also contends that even if he had the funds to reimburse the Government for his court-appointed counsel the district court did not have the power to make reimbursement a condition of supervised release. We disagree. A district court's authority to set conditions of supervised release is governed by 18 U.S.C. § 3583(d). This provision states that a district court may impose conditions on supervised release if they are reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). We believe that requiring a defendant to reimburse the Government for the cost of his court-appointed attorney may deter him from committing another crime. See Black's Law Dictionary at 405 (5th ed. 1979) (defining "deterrent" as "[a]nything which impedes or has a tendency to prevent") (emphasis added). Because reimbursement is reasonably related to the goal of deterrence, the district court had the authority to impose it as a condition of Moore's supervised release. See 18 U.S.C. § 3553(a)(2)(B) (listing "deterrence to criminal conduct" as an appropriate factor for consideration).

4

52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

Under the Supreme Court's interpretation of Federal Rule of Criminal Procedure 52(b) in Olano, we have authority to correct forfeited error only if it is "plain" or obvious, and if the defendant has carried his burden of showing that the error affected his "substantial rights." Olano, 507 U.S. at 732-36. Even then, we have discretion to decline to correct the error unless we conclude that it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (quoting United States v. Atkinson , 297 U.S. 157, 160 (1936)) (internal quotation marks omitted).

In applying this analysis here, we conclude that the district court's delegation to the United States Probation Office of the responsibility to determine the timing and amount of Moore's reimbursement of court-appointed attorney's fees does not constitute plain error. Even if we assume arguendo that the district court erred in delegating this responsibility to the United States Probation Office and that this error was sufficiently clear to satisfy plain-error analysis, we conclude that Moore has not shown that the error affected his "substantial rights."

In most cases, affecting a defendant's substantial rights is synonymous with prejudice to the defendant.4  The defendant has the burden of demonstrating prejudice on appeal. See id.  at 734; Fed. R. Crim. P. 52(b). Moore has not shown that he was prejudiced by the district court's delegation to the United States Probation Office of the responsibility to determine the amount and timing of his reimbursement of court-appointed attorney fees. These issues are relatively minor determinations in Moore's conviction and sentence. Furthermore, if Moore

_____

4 The Supreme Court in Olano  expressly declined to consider whether the phrase "affecting substantial rights" is always "synonymous with `prejudicial.'" Olano, 507 U.S. at 735. Rather, the Court speculated that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome," such as structural errors. Id. Structural errors, or defects affecting the framework within which the trial proceeds, exist only in a limited class of cases. See Johnson v. United States, 117 S. Ct. 1544, 1549-50 (1997) (collecting cases).

5

has difficulty meeting the amount and schedule of payments set by the United States Probation Office, he can petition the district court for modification. See 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(b). Finally, should the Government attempt to revoke his supervised release for non-payment, he may assert lack of funds as a defense. See Gurtunca, 836 F.2d at 289. Because the court's alleged error does not affect Moore's substantial rights, it cannot constitute plain error under Federal Rule of Criminal Procedure 52(b).

For the foregoing reasons, the district court's judgment is affirmed.

AFFIRMED

6