**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 97-7771

VANNIS L. LIVERMAN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-95-151)

Submitted: March 17, 1998

Decided: May 29, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Vannis L. Liverman, Appellant Pro Se. Fernando Groene, OFFICE
OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1996, Vannis Liverman pled guilty to conspiring to possess with intent to distribute heroin, cocaine, and cocaine base.[1] The district court sentenced Liverman to 405 months imprisonment followed by a supervised release term of ten years, and a fine of $5000. On appeal, this court affirmed Liverman's conviction and sentence. Liverman now challenges the district court's imposition of the fine as well as the requirement that he start paying the fine through the Inmate Financial Responsibility Program (IFRP). Finding that the district court did not commit plain error,[2] we affirm the district court's order denying Liverman's motions for a preliminary injunction and to vacate his fine.

Even assuming for argument that the district court improperly delegated to the Bureau of Prisons (BOP) its authority to establish the installment amount and timing of Liverman's fine by requiring Liverman to pay his fine through the IFRP,[3] Liverman is not entitled to relief. Liverman failed to show that the alleged error affected his "substantial rights,"[4] or "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."[5]

Liverman has the burden of demonstrating prejudice,[6] and Liverman has not shown that he was prejudiced by the district court's order that he pay his fine through the IFRP. This issue is relatively minor in the determination of Liverman's conviction and sentence. Furthermore, if Liverman has difficulty meeting the amount and schedule of

_____

[1] **See** 21 U.S.C. § 846 (1994).
[2] **See United States v. Olano**, 507 U.S. 725, 730 (1993); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995); FED. R. CRIM. P. 52.
[3] **See United States v. Miller**, 77 F.3d 71, 77 (4th Cir. 1996).
[4] **See Olano**, 507 U.S. at 732-36.
[5] **Johnson v. United States**, 117 S. Ct. 1544, 1549 (1997) (internal quotation marks and citation omitted); see also Miller, 77 F.3d at 77-78; United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir. 1995).
[6] **See Olano**, 507 U.S. at 734; FED. R. CRIM. P. 52(b).

payments under the IFRP, he can seek a reduction from his prison case manager or petition the district court for modification based upon a material change in circumstances.**7** Because the district court's alleged error does not affect Liverman's substantial rights, it cannot constitute plain error under Rule 52(b).

Accordingly, we affirm the district court's order denying Liverman's motions for a temporary injunction and to vacate his fine. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**7** <u>See</u> 18 U.S.C. § 3572(d)(3) (1994).

3