**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-6111

RONALD NELSON, a/k/a Ronnie,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-6201

RONALD NELSON, a/k/a Ronnie,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina at Fayetteville.
Malcolm J. Howard, District Judge.
(CR-94-57-H)

Submitted: July 2, 1998

Decided: July 21, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Ronald Nelson, Appellant Pro Se. Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Nelson was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base and substantive offenses of distribution of cocaine base, and for aiding and abetting in the distribution thereof. The court sentenced Nelson to 240 months' incarceration, five years supervised release, and fines and assessments of $12,300. Nelson appealed his convictions and sentences, and this Court affirmed. Nelson then filed numerous motions in the district court. Nelson now appeals the district court's denial of his motion to dismiss his indictment for lack of jurisdiction and his motion to vacate the court's restitution order for lack of jurisdiction.

First, Nelson claims that the district court erred in denying his motion to dismiss his indictment for lack of jurisdiction. Specifically, Nelson avers that jurisdiction was lacking because the Government failed to obtain a grand jury concurrence form with the signatures of at least twelve members voting to indict and that therefore his due process rights were violated. We find that the district court properly found that Nelson's motion to dismiss was without merit. Nelson waived his right to challenge any non-jurisdictional defects in the indictment process by failing to raise objections prior to trial, as required by Fed. R. Crim. P. 12(b)(2), and did not show cause and prejudice for his waiver. See Davis v. United States, 411 U.S. 233, 242 (1973). Further, Nelson fails to allege grounds to justify the disclosure of the voting record. See Fed. R. Crim. P. 6. This failure robs

2

his claim of any merit even if it was not waived. Accordingly, we affirm the district court's denial of Nelson's motion to dismiss for lack of jurisdiction.

Next, Nelson avers that the district court erred in denying his motion to vacate the court's order of restitution.* Specifically, Nelson claims that the district court's fine order improperly delegated the responsibility for devising a payment schedule. The district court ordered Nelson to pay the $12,300 financial penalty in installments as established by the probation officer, but not later than five years after release from imprisonment. We find that the district court's order delegating its authority to establish the installment amount and timing of his fine to the United States probation officer without retaining ultimate authority was error that requires us to vacate the portion of his sentence relating to the fine and remand for sentencing. See United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996) (applying the rationale of United States v. Johnson , 48 F.3d 806, 808-09 (4th Cir. 1995) to fines); see also 18 U.S.C.A. § 3572(d) (West 1994 & Supp. 1998).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED IN PART AND REMANDED
_____
*This court construes the district court's order denying relief on Nelson's motion to vacate restitution as a motion to vacate fines because the record indicates that the district court ordered fines, not restitution.

3