**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 99-6846

OWEN FRANKLIN SILVIOUS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-86-80)

Submitted: October 29, 1999

Decided: November 16, 1999

Before WIDENER, MURNAGHAN, and WILLIAMS,
Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Owen Franklin Silvious, Appellant Pro Se. Thomas Linn Eckert,
Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Owen Franklin Silvious appeals the district court's order denying relief on his motion filed under former Rule 35(a) of the Federal Rules of Criminal Procedure, applicable to offenses committed before November 1, 1987. We have reviewed the record and the district court's opinion and find that the district court lacked jurisdiction to entertain the motion. We therefore affirm the denial of relief on that ground.

In his Rule 35(a) motion, Silvious asserted that the district court did not make specific findings as to his ability to pay restitution and improperly delegated the timing and amount of restitution payments to the probation officer. Silvious's challenge to the restitution order is to a sentence imposed in an illegal manner -- not to an illegal sentence. See Hill v. United States, 368 U.S. 424, 430 & n.9 (1962). Therefore, Silvious had 120 days from the time the sentence was imposed to file his Rule 35 motion. See Fed. R. Crim. P. 35(a) (applicable to offenses committed prior to Nov. 1, 1987). The 120-day time limit is jurisdictional. See United States v. Pavlico, 961 F.2d 440, 443 (4th Cir. 1992) (citing United States v. Addonizio, 442 U.S. 178, 189 (1979)).

Silvious's sentence was imposed in February 1987; [1] therefore, his Rule 35 motion had to be filed in May 1987. Because the motion was not filed until March 2, 1999, well beyond the 120-day limit, the district court did not have jurisdiction to entertain the motion. See id. Even if the 120-day period was calculated from May 20, 1994 (the date of the district court's amended judgment order) or from March 3, 1995 (the date on which this court decided United States v. Johnson, 48 F.3d 806 (4th Cir. 1995), and on which the delegation claim became available to Silvious), his March 1999 motion still was untimely. See Pavlico, 961 F.2d at 443. We therefore affirm the district court's denial of relief on the ground that the Rule 35 motion was

_____

[1] The other triggering events in Rule 35(a) do not apply here.

untimely filed and the district court therefore lacked jurisdiction to entertain it.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AS MODIFIED</u>

_____

[2] Construing the Rule 35 motion as one filed under 28 U.S.C.A. § 2255 (West Supp. 1999), does not save the action. Before Silvious may file a successive § 2255 motion in the district court, he must obtain authorization from this court under 28 U.S.C.A. § 2244 (West Supp. 1999).