<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 00-7007**

───────────

In Re: JIMMY LAWRENCE NANCE,

                                        Petitioner.

───────────

On Petition for Writ of Mandamus.  (CR-92-135)

───────────

Submitted:  November 22, 2000      Decided:  December 20, 2000

───────────

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Jimmy Lawrence Nance, Petitioner Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jimmy Lawrence Nance has filed a petition for writ of mandamus seeking this court to compel the district court to issue an order to stop the United States Bureau of Prisons from withholding funds from his prisoner's trust account for the purpose of paying his court-ordered restitution. Nance claims that the involuntary with-holding of funds from an inmate's trust account violates this court's directives in United States v. Dawkins, 202 F.3d 711 (4th Cir. 2000), United States v. Miller, 77 F.3d 71 (4th Cir. 1996), and United States v. Johnson, 48 F.3d 806 (4th Cir. 1995). Nance also seeks an order compelling the district court to reduce res-titution by the amount of compensation his victim's estate received from third parties.

Mandamus is a drastic remedy, only to be granted in extra-ordinary circumstances. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394 (1976)). The party seeking mandamus relief bears the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953)); Beard, 811 F.2d at 826. Courts are extremely reluctant to grant a writ of mandamus, and the decision is within the discretion

2

of the court addressing the application for the writ. <u>Beard</u>, 811 F.2d at 827 (citations omitted).

We find that Nance has not met his burden of proof such that mandamus is the proper remedy in this situation. Mandamus is not a substitute for appeal, <u>In re United Steelworkers of America</u>, 595 F.2d 958, 960 (4th Cir. 1979), and given that the district court's sentencing order requires immediate payment in full of restitution by Appellant, and that this court has affirmed a district court order denying Nance's motion to disallow collection of restitution, <u>see</u> <u>United States v. Nance</u>, No. 98-7023 (4th Cir. Dec. 2, 1998) (unpublished), Nance's right to relief by way of mandamus is not clear. <u>See</u> <u>Mallard</u>, 490 U.S. at 309; <u>In re First Fed. Sav. & Loan Ass'n</u>, 860 F.2d 135, 138 (4th Cir. 1998). Moreover, although Nance filed an unsuccessful motion in the district court seeking disclosure of compensation paid to his victim's estate, he apparently has not filed a motion in the district court seeking a reduction in the restitution based on compensation received by his victim's estate. Even if he had done so and the district court had denied relief, Nance's remedy would be to file an appeal.

Accordingly, although we grant leave to proceed in forma pauperis, we deny Nance's request for mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.