**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-6538**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD DOYLE HUDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (3:03-cr-00028-ALL)

Submitted:  February 7, 2007          Decided:  March 26, 2007

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Richard Doyle Hudson, Appellant Pro Se.  Kimlani Murray Ford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Doyle Hudson appeals the district court's order denying his motion for clarification of the restitution portion of the criminal judgment entered against him in the Western District of North Carolina after he pled guilty to two bank robberies and a firearm offense.  The district court sentenced Hudson to a total of 262 months of imprisonment to be followed by three years of supervised release and imposed restitution in the amount of $21,710.  Hudson filed his motion for clarification, claiming that the court improperly delegated the timing and amount of payments to the Bureau of Prisons in violation of United States v. Johnson, 48 F.3d 806 (4th Cir. 1995), and United States v. Miller, 77 F.3d 71 (4th Cir. 1996).  The district court denied Hudson's motion for clarification, finding that the restitution order did not violate Miller.

Our review of the record leads us to conclude that the district court should have treated Hudson's motion as a habeas corpus petition under 28 U.S.C. § 2241 (2000), because he attacked the execution of the restitution order.  A § 2241 petition, however, must be brought in the district of incarceration.  See 28 U.S.C. § 2241(a); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).  Hudson is incarcerated at the Federal Correctional Institution in Beckley, West Virginia, which lies in the Southern District of West Virginia.  The district court in the Western District of North

Carolina therefore does not have jurisdiction over this § 2241 proceeding.

Accordingly, we vacate the district court's order and remand for the court to determine whether transferring Hudson's § 2241 petition to the proper federal district court would serve the interests of justice, <u>see</u> 28 U.S.C. § 1631 (2000), or whether the action would be more appropriately dismissed without prejudice to Hudson's right to file his action in the appropriate district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>