**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4901**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDWARD CLINTON JONES, III,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard M. Gergel, District Judge. (2:14-cr-00342-RMG-1)

---

Submitted: July 31, 2015        Decided: September 3, 2015

---

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kimberly H. Albro, Research & Writing Specialist, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nathan S. Williams, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Clinton Jones, III, appeals the 151-month sentence imposed by the district court following his guilty plea to solicitation of murder for hire, in violation of 18 U.S.C. §§ 373, 1958 (2012), and use of interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958. On appeal, Jones contends that his sentence is procedurally unreasonable, that the district court erred in failing to sua sponte order a mental competency hearing, and that the court improperly delegated judicial authority in imposing a special condition of supervised release. Finding no error, we affirm.

Jones first contends that his sentence is procedurally unreasonable because the district court abused its discretion during sentencing by failing to explain its reasons for denying his motion for a downward variance. In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). In explaining its sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345

2

(4th Cir. 2006). However, the court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal citation and footnote omitted)).

We conclude that the district court did not abuse its discretion in imposing the 151-month sentence. The court thoroughly considered the § 3553(a) factors in finding that a within-Guidelines sentence was appropriate and provided an adequate explanation for the sentence imposed upon balancing those factors. Moreover, the record reflects that the court adequately considered Jones' arguments for a downward variance but found those mitigating factors insufficient to warrant a below-Guidelines sentence.

Jones next contends that the district court abused its discretion in failing to sua sponte order a mental competency hearing. The district court must sua sponte order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (2012). "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." United States v. Bernard, 708 F.3d 583, 592-93 (4th Cir. 2013) (internal quotation marks omitted). The mere presence of mental illness is not, however, "equated with incompetence." Id. at 593 (internal quotation marks omitted). Competency turns on "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Id. (internal quotation marks omitted).

Here, the district court did not err in failing to sua sponte order a competency hearing. See United States v. Dreyer, 705 F.3d 951, 960 (9th Cir. 2013) (stating that "a district court's failure to conduct a competency hearing on its own motion will always be subject to plain error review"); see also Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (providing standard for plain error review). The record reflects no indication that Jones acted irrationally or inappropriately at any point during the proceedings. The district court was aware of Jones' mental conditions and medications, and the court adequately inquired into Jones'

4

understanding of the proceedings. "Whether reasonable cause exists is a question left to the sound discretion of the district court." Bernard, 708 F.3d at 592 (internal quotation marks omitted). The district court did not abuse its discretion in this case.

Finally, Jones contends that the district court violated Article III of the Constitution by delegating its judicial authority to the probation officer to determine whether mental health treatment would be a condition of supervised release. A probation officer has the authority to "manage aspects of sentences and to supervise . . . persons on supervised release with respect to all conditions imposed by the court." United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). A court may not, however, delegate to a probation officer a judicial function, as such a delegation violates Article III of the Constitution. Id. at 808-09. "To determine if a court improperly delegated the judicial authority of sentencing, [courts] have drawn a distinction between the delegation to a probation officer of a ministerial act or support service and the ultimate responsibility of imposing the sentence." United States v. Nash, 438 F.3d 1302, 1304-05 (11th Cir. 2006) (internal quotation marks omitted). "Where the court makes the determination of whether a defendant must abide by a condition, it is permissible to delegate to the probation officer the

details of where and when the condition will be satisfied." Id. (internal quotation marks, brackets, and ellipsis omitted).

We conclude that the district court did not err in imposing on Jones the special condition of supervised release requiring mental health treatment. The court unequivocally ordered that Jones undergo mental health treatment as a condition of his supervised release and tasked the officer with the authority to determine the type of treatment necessary to fulfill the condition, a purely ministerial function. Thus, the court did not violate Article III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6