# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40321

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

MAYRA ALEJANDRA ALANIZ,

   Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2016

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-589-1

---

Before DAVIS, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

   Defendant-Appellant Mayra Alejandra Alaniz pleaded guilty to possession with intent to distribute heroin. She appeals the mental health program special condition of her supervised release. Because the special condition was an improper delegation of discretion to the probation officer, we VACATE the special condition and REMAND to the district court for resentencing.

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40321

## I

After she pleaded guilty without a written plea agreement, Alaniz told the probation officer that in 2007 she had been diagnosed with bipolar disorder, depression, and anxiety, and had a history of drug and alcohol abuse. Alaniz filed her medical records with the court.

The probation officer determined that Alaniz faced a mandatory minimum sentence of ten years of imprisonment and a guidelines range of 151 to 188 months, which was based on her total offense level of 31 and a criminal history category of IV. The Government moved for a reduced sentence below the mandatory minimum sentence pursuant to U.S.S.G. § 5K1.1, such that Alaniz's guidelines range would be 100 to 125 months of imprisonment. Defense counsel referred to Alaniz's medical records and her history of mental illness and asked the court "to recommend drug treatment and any other treatment that she qualifies for so that when she comes out she's ready to reenter society as a successful citizen and not with the same type of problems that led her down this road."

The district court granted the Government's § 5K1.1 motion and sentenced Alaniz to 112 months. The district court also imposed a five-year term of supervised release, stating that Alaniz was "*requested* to participate in a mental health program as deemed necessary and approved by the probation officer and will incur the costs associated with same based on her ability to pay as determined by the probation office." (emphasis added). Alaniz did not object. The district court's written judgment of conviction and sentence, however, stated that Alaniz was "required" to participate in a mental health program. Alaniz timely appealed.

## II

When a district court's written judgment conflicts with its oral pronouncement of the sentence, the oral pronouncement controls. *United*

2

No. 16-40321

*States v. Torres–Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003).    We normally review for abuse of discretion the imposition of a special condition of supervised release.    *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). However, because Alaniz failed to object to the special condition at sentencing, we review for plain error.    *See, e.g., United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010); *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

For reversible plain error, a defendant must show a clear or obvious error that affects her substantial rights.    *Puckett v. United States*, 556 U.S. 129, 135 (2009).    If she does so, our court has discretion to correct that error, and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.    *Id.*

We conclude that the district court committed plain error in improperly delegating authority to the probation officer.    While probation officers have broad power "to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court," those powers are limited by Article III of the United States Constitution.    *United States v. Franklin*, 838 F.3d 564, 567-68 (5th Cir. 2016) (quoting *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995)).    "The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated." *Id.* at 568 *(*quoting *United States v. Lomas*, 643 F. App'x. 319, 324 (2016)) (internal quotations omitted).    While "a district court may properly delegate to a probation officer decisions as to the 'details' of a condition of supervised release[,] . . . a court impermissibly delegates judicial authority when it gives a probation officer 'authority to decide *whether* a defendant will participate in a treatment program.'" *Id.* (internal citations omitted).    In this case, the district court's oral pronouncement "creates an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to

3

No. 16-40321

decide whether treatment was needed." *Id.* at 568 (quoting *United States v. Calhoun*, 471 Fed. Appx. 322, 323 (5th Cir. 2012)). This error is clear and obvious and affects Alaniz's substantial rights. *See United States v. Gordon*, 838 F.3d 597, 605 (5th Cir. 2016) (erroneous imposition of a mental health program special condition substantially affected a defendant's rights)). Because such an error involves "core judicial functions," *see Franklin*, 838 F.3d at 568, we find the exercise of this court's discretion to correct the error is warranted under these circumstances. *See United States v. Olano*, 507 U.S. 725, 736 (1993) ("The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'").

## III

For the aforementioned reasons, we VACATE the mental health program special condition and REMAND to the district court for resentencing, with the same clarifying instruction we offered in *Franklin*. *Id.* at 568 (quoting *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001)):

> If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.