PER CURIAM: *
George Yarbrough pleaded guilty without a written plea agreement to mailing threatening communication., He was sentenced to 21 months of imprisonment, consecutive to a state sentence, and three years of supervised release. The written judgment included conditions of supervised release requiring Yarbrough to “participate in a vocational training program as deemed necessary and approved by the probation officer” and “participate in a mental health program as deemed necessary and approved by the probation officer.” Yarbrough appeals those conditions, arguing that each is an impermissible dele *895 gation of judicial authority to the probation officer.
DISCUSSION
“[A] defendant has a constitutional right to be present at sentencing.” United States v. Bigelow, 462 F.3d 378, 380 (5th Cir. 2006) (alteration in original); see also Fed. R. Crim. P. 43. Where there is a conflict between the written judgment and the oral pronouncement of sentence, the oral pronouncement controls. United States v. Torres-Aguilar, 352 F.3d 934, 935 (5th Cir. 2003); see also United States v. Vega, 332 F.3d 849, 852 (5th Cir. 2003). We review the imposition of a special condition of supervised release for abuse of discretion. United States v. Rodriguez, 558 F.3d 408, 412 (5th Cir. 2009). However, if a defendant fails to object to a special condition, we review for plain error. United States v. Bishop, 603 F.3d 279, 280 (5th Cir. 2010). But, where a defendant had no opportunity to address the issue, this court reviews the imposition of special conditions of supervised release for an abuse of discretion. United States v. Fernandez, 776 F.3d 344, 345 (5th Cir. 2015); see also Torres-Aguilar, 352 F.3d at 935.

I. Vocational Training Program Condition

Yarbrough asserts that the district court reversibly erred in imposing a special condition of supervised release requiring him to “participate in a vocational training program as deemed necessary and approved by the probation officer.” Yarbrough acknowledges that he did not object to the impermissible delegation at sentencing, but asserts that he had no opportunity to object because the impermissible delegation was not orally pronounced and, thus, review should be for an abuse of discretion. The Government asserts that, instead, we should review for plain error because Yarbrough failed to object when the condition was included in a later email after sentencing and outside of Yar-brough’s presence. However, there is nothing to indicate counsel could have properly objected to an email after sentencing or that it would have had the same effect as an objection during the oral pronouncement at sentencing.[1]
Here, the district court instructed the email to be sent for the limited purpose of ensuring that any requirements imposed were not duplicative of state requirements. Further, the email indicated that it was providing the “proposed wording for the Bureau of Prisons regarding Mr. Yar-brough’s mental health treatment” and the “proposed wording for Mr. Yarbrough’s mental health condition while on supervised release (last paragraph).” Additionally, Yarbrough’s reply did not indicate that he was in agreement with all conditions, but rather addressed the very limited purpose for which the proposed wording was provided and a change made by the court.
Specifically, the court said: “[Probation officer], regarding the last paragraph, I would think that all conditions should be coordinated with requirements imposed by the state’s conditions of mandatory supervision or parole.” Yarbrough’s counsel: “Dear All, I agree with Judge Atlas. Also, despite the Court’s use of the word ‘serious’ during the hearing, I think that may confuse the BOP. I would use the word ‘thorough,’ if any modifier is necessary.” This reference was to language in the recommendations to the Bureau of Prisons regarding mental health treatment.
*896 This court has held that a district court abused its discretion by including an additional restriction in the written judgment that was not part of the oral pronouncement of sentence. See United States v. Tang, 718 F.3d 476, 487 (5th Cir.2013).
■ ■Further, in United States v. Lomas, a panel of this court concluded that, where Lomas did not have an adequate opportunity to object, the review is for abuse of discretion and the legal question of whether the condition involved an unconstitutional delegation of authority is reviewed de novo. United States v. Lomas (Lomas II), 643 Fed.Appx. 319, 324-25 (5th Cir. 2016) (citing United States v. Perez-Macias, 335 F.3d 421, 425 (5th Cir.2003)).
Specifically, this court said:
Although probation officers have broad power to supervise probationers and “perform any other duty that the court may designate,” 18 U.S.C. § 3603(10), the type of duty that a court may delegate is limited by Article III of the Constitution, see United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir.1995). The imposition of a sentence, including the terms and conditions of supervised release, is a “core judicial function” that cannot be delegated. Id. at 808 (citing Ex Parte United States, 242 U.S. 27, 41, 37 S.Ct. 72, 61 L.Ed. 129 (1916)); see United States v. Pruden, 398 F.3d 241, 250 (3d Cir.2005) (“[A] probation officer may not decide the nature or extent of the punishment imposed upon a probationer.”). Thus, a district court may properly delegate to a probation officer decisions as to the “details” of a condition of supervised release. United States v. Nash, 438 F.3d 1302, 1305 (11th Cir. 2006) (citation omitted). But a court im-permissibly delegates judicial authority when it gives a probation officer “authority to decide whether a defendant will participate in a treatment program.” United States v. Heath, 419 F.3d 1312, 1315 (11th Cir.2005) (emphasis added); see also Lomas I, 304 Fed.Appx. at 300-01 (collecting cases from other circuits).
Lomas II, 643 Fed.Appx. at 324. We then vacated the educational and mental health program conditions of Lomas’ supervised release and remanded to the district court for resentencing.
Previously on direct appeal, Lomas had argued that the district court reversibly erred by delegating to the probation officer the authority to decide whether he should undergo mental health treatment. United States v. Lomas (Lomas I), 304 Fed.Appx. 300 (5th Cir. 2008). Because Lomas had not objected, this court reviewed for plain error and found none, noting that “[w]e ordinarily do not find plain error when we ‘have not previously addressed’ an issue.” Id. at 301. However, the court acknowledged its concerns and cited precedent from other circuits that “have agreed an improper delegation occurs in similar cases.” Id. at 300-01. Specifically, the court said:
Other circuits have agreed an improper delegation occurs in similar cases. The Eleventh Circuit has found that an impermissible delegation of judicial authority occurs when a court gives “the probation officer the authority to decide whether a defendant will participate in a treatment program,” as opposed to authority over the implementation of the treatment. United States v. Heath, 419 F.3d 1312, 1315 (11th Cir.2005); see also United States v. Pruden, 398 F.3d 241, 250-51 (3d Cir.2005) (mental health treatment); United States v. Peterson, 248 F.3d 79, 85 (2d Cir.2001); United States v. Kent, 209 F.3d 1073, 1078-79 (8th Cir.2000) (mental health treatment); United States v. Figuereo, 404 F.3d 537, 542-43 (1st Cir.2005) (drug testing); United States v. Stephens, 424 F.3d 876, *897 882-84 (9th Cir.2005) (drug testing); United States v. Sines, 303 F.3d 793, 799 (7th Cir.2002) (sex-offender treatment). One of our sister circuits concluded that every circuit court to review a sentence that gave to a probation officer the authority to decide whether a defendant will participate in a treatment program found it unconstitutional. Heath, 419 F.3d at 1315.
Id. at 300-01.
More recently, in United States v. Franklin, 838 F.3d 564, 568 (5th Cir. 2016), we stated that “a court impermissi-bly delegates judicial authority when it gives a probation officer authority to decide whether a defendant will participate in a treatment program.” Additionally, we vacated Franklin’s mental health program special condition and remanded to the district court for resentencing with the same clarifying instruction used in Lomas II, 643 Fed.Appx. at 325.
For these reasons, we conclude that Yarbrough was not given a meaningful opportunity to object during the sentencing hearing. See Bigelow, 462 F.3d at 381; see also United States v. Hudson, 625 Fed.Appx. 686, 687-89 (5th Cir. 2015). Further, we conclude that the district court abused its discretion by impermissi-bly delegating judicial authority to the probation officer as to whether Yarbrough would participate in a vocational training program.

II. Mental Health Program Condition

Yarbrough asserts that the district court’s imposition, in the written judgment, of a special condition that he “participate in a mental health program as deemed necessary and approved by the probation officer” also was an impermissible delegation of judicial authority to the probation officer. Yarbrough concedes that the district court orally pronounced this condition at sentencing and, thus, review should be for plain error. The government asserts that review should be for invited error under United States v. Salazar, 751 F.3d 326, 332 (5th Cir. 2014) because counsel induced the error by requesting a post-release mental health evaluation, which necessarily implied such a delegation. However, there is nothing in the record to indicate that Yarbrough asked the district court to delegate the decision of whether he needed to or would participate in a mental health program to a probation officer. Thus, our review is for plain error. Bishop, 603 F.3d at 280.
To establish plain error, a defendant must show an error is clear or obvious and affects his substantial rights. United States v. Prieto, 801 F.3d 547, 549-50 (5th Cir. 2015). See also Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he does, we have the discretion to correct that error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.
In addition to the cases cited above, during the pendency of this appeal and on plain error review, we vacated the mental health program special condition and remanded to the district court for resentencing in the unpublished case of United States v. Alaniz, 671 Fed.Appx. 292, 2016 WL 7187378 (5th Cir. 2016). These cases compel the same outcome here. Thus, we conclude that Yarbrough has shown an error that is clear and obvious and affects his substantial rights. See United States v. Gordon, 838 F.3d 597, 605 (5th Cir. 2016). Based on the “core judicial functions” affected by this error, we exercise this court’s discretion to correct the error. See Franklin, 838 F.3d at 568.
CONCLUSION
For the reasons stated herein, we VACATE the vocational training program and *898 mental health program special conditions and REMAND to the district court for resentencing, with the same clarifying instruction offered in Franklin'.
If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant’s participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

Id.

 Pursuant to 5th Cm. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. This is unlike United States v. Rouland, 726 F.3d 728 (5th Cir. 2013), which is cited by the Government, where Rouland failed to object to a document setting out the conditions and introduced as an exhibit during the sentencing hearing. Id. at 730.