# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41354

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

JERMAINE MARTEZ BARBER,

> Defendant - Appellant.

United States Court of Appeals
Fif h Circuit

**FILED**

August 3, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-103-1

Before JOLLY and ELROD, Circuit Judges, and RODRIGUEZ, District Judge.*

PER CURIAM:

Jermaine Barber pleaded guilty to one count of possession of 100 kilograms or more of marijuana with intent to distribute and received a below-guidelines sentence of twelve months and one day in prison as well as a three-year term of supervised release. On appeal, Barber challenges the substance-abuse treatment special condition of his supervised release. Because this special condition is ambiguous as to the scope of the district court's delegation

---

* District Judge of the Western District of Texas, sitting by designation.

No. 16-41354

of authority to the probation office, we VACATE the substance-abuse treatment special condition and REMAND to the district court for resentencing.

**I.**

At the sentencing hearing, the district court imposed a special condition of release requiring Barber to "participate in a drug and/or alcohol treatment program as deemed necessary and approved by the Probation Office." Barber did not object. The written judgment included the following provision regarding drug and alcohol treatment:

> The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

Barber appealed, challenging the special condition.

**II.**

We review a special condition for plain error where, as here, the defendant failed to object to the condition when it was announced at sentencing. *United States v. Franklin*, 838 F.3d 564, 566 (5th Cir. 2016). Accordingly, Barber must show a clear or obvious error that affected his substantial rights. *See United States v. Prieto*, 801 F.3d 547, 549–50 (5th Cir. 2015); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). If Barber makes such a showing, we have discretion to remedy the error if it "seriously

No. 16-41354

affect[s] the fairness, integrity or public reputation of judicial proceedings." *Prieto*, 801 F.3d at 550 (quoting *Puckett*, 556 U.S. at 135).

## A.

Barber argues that the district court committed clear error by imposing a special condition that was impermissibly ambiguous as to the scope of authority delegated to the probation office. Probation officers have power "to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court." *Franklin*, 838 F.3d at 567. However, a district court cannot delegate to a probation officer the "core judicial function" of imposing a sentence, "including the terms and conditions of supervised release." *Id.* at 568.

Accordingly, we have repeatedly vacated special conditions of release that used the language "as deemed necessary and approved by the probation officer" because this language created ambiguity as to whether the district court had permissibly delegated authority to decide the details of a sentence's implementation or had impermissibly delegated the authority to impose a sentence. *See, e.g., United States v. Yarbrough*, No. 15-20236, 2017 WL 405629, at \*1, \*4 (5th Cir. Jan. 30, 2017); *United States v. Alaniz*, 671 F. App'x 292, 292 (5th Cir. 2016); *Franklin*, 838 F.3d at 566; *United States v. Lomas*, 643 F. App'x 319, 324 (5th Cir. 2016); *United States v. Calhoun*, 471 F. App'x 322, 323 (5th Cir. 2012); *United States v. Vasquez*, 371 F. App'x 541, 542–43 (5th Cir. 2010); *United States v. Lopez-Muxtay*, 344 F. App'x 964, 965 (5th Cir. 2009). The special condition imposed at the sentencing hearing in this case uses substantially the same language that these prior cases deemed ambiguous, requiring Barber to undergo substance-abuse treatment "as deemed necessary and approved by the Probation Office." Therefore, it is impermissibly ambiguous.

No. 16-41354

Indeed, the government concedes that the special condition orally imposed at sentencing was impermissibly ambiguous, but argues that this error was cured by the written judgment, which the government says is unambiguous as to the scope of delegation. To the extent that the written judgment conflicts with the sentence orally pronounced at sentencing, the district court's oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). Accordingly, the written judgment does not obviate the clear error in the orally imposed special condition of release.[1]

**B.**

The error in this case affected Barber's substantial rights because it affected his right to be sentenced by an Article III judge. We have held that "the unauthorized delegation of sentencing authority from an Article III judicial officer to a non-Article III official affects substantial rights . . . ." *United States v. Albro*, 32 F.3d 173, 174 n.1 (5th Cir. 1994). Thus, we have vacated and remanded conditions of release that were ambiguous as to the scope of authority delegated to a probation officer. *See Alaniz*, 671 F. App'x at 293 (holding that "ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed" constitutes clear error that affects a defendant's substantial rights); *Yarbrough*, 2017 WL 405629 at *3 (same); *see also id.* at *7 (Southwick, J., concurring) (noting that, by vacating and remanding ambiguous delegation, majority opinion came "close" to calling improper

---

[1] The government argues in a 28(j) letter that there can be no ambiguity as to the district court's intention to mandate substance-abuse treatment in light of the PSR. In support of this position, the government cites our opinion in *United States v. Guerra*, 856 F.3d 368, 369–70 (5th Cir. 2017). That case is distinguishable. There, the defendant's own counsel directed the court's attention to the defendant's mental health issues at sentencing and the PSR contained extensive discussion of the defendant's past mental health issues and issues with drugs. *Id.*

4

No. 16-41354

delegation a structural error but concurring because it did not actually do so); *Pitts*, 2016 WL 6832953 at \*2 (vacating and remanding impermissible delegation without discussing what conditions the district court would have imposed); *Albro*, 32 F.3d at 174 (vacating and remanding impermissible delegation despite noting that the district court could revise the sentence based on the probation officer's recommendations).  Barber has made the requisite showing that the clear error in this case affected his substantial rights.[2]

## C.

Although Barber has demonstrated a clear or obvious error that affected his substantial rights, we retain discretion in deciding whether to remedy this error and will do so only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Prieto*, 801 F.3d at 550. "[P]reserving the judiciary's exclusive authority to impose sentences is an area in which it is important for courts to be vigilant." *United States v. Morin*, 832 F.3d 513, 518 (5th Cir. 2016).  "Exercising our discretion to correct the error under these circumstances is consistent with that vigilance." *Pitts*, 670 F. App'x at 376 (citing *Morin*, 832 F.3d at 518; *Prieto*, 801 F.3d at 550; *Albro*, 32 F.3d at 174 n.1) (vacating and remanding impermissible delegation on plain

---

[2] The government invites us to follow a First Circuit decision suggesting that a defendant's substantial rights are not adversely affected by an error unless, "but for the alleged error, the court would likely have imposed a different and more favorable sentence" than the probation officer imposed. *United States v. Mercado*, 777 F.3d 532, 536 (1st Cir. 2015) (holding on plain error review that defendant could not show any error affected his substantial rights).  However, the First Circuit, also on plain error review, has vacated and remanded special conditions of release that delegated sentencing authority to the probation officer without discussing what sentence the district court would likely have imposed. *See, e.g.*, *United States v. Figuereo*, 404 F.3d 536, 542 (1st Cir. 2005) (vacating delegation of authority to determine whether to order drug treatment in the event the defendant failed a drug test while on supervised release).  In any event, we must follow our own case law, which has repeatedly held that the delegation of sentencing authority affects substantial rights without inquiring into what sentence the district court would likely have imposed. *See, e.g.*, *Alaniz*, 671 F. App'x at 293; *Yarbrough*, 2017 WL 405629, at \*3; *United States v. Pitts*, No. 15-50850, 2016 WL 6832953, at \*2 (5th Cir. Nov. 18, 2016); *Albro*, 32 F.3d at 174 & n.1.

error review); *see also Yarbrough*, 2017 WL 405629 at *3 (vacating and remanding ambiguous delegation on plain error review); *Alaniz*, 671 F. App'x at 293 (vacating and remanding ambiguous delegation on plain error review); *United States v. Heath*, 419 F.3d 1312, 1316 (11th Cir. 2005) (vacating and remanding impermissible delegation on plain error review); *United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005) (vacating and remanding impermissible delegation on plain error review); *Albro*, 32 F.3d at 174 (vacating and remanding impermissible delegation on plain error review). *But see Guerra*, 856 F.3d at 369–70 (modifying facially ambiguous delegation and affirming as modified because the district court's intention was clear in light of defense counsel's representations to the court and in light of defendant's extensive history of mental health issues and issues with drugs).

The government argues that our decision in *United States v. Mendoza-Velasquez*, 847 F.3d 209, 213–14 (5th Cir. 2017), counsels against exercising our discretion to correct the ambiguous delegation at issue in this case. In *Mendoza-Velasquez*, we held that the defendant had not satisfied our "stringent" requirements for demonstrating that we should exercise our discretion to correct any error, even assuming that the district court did err by imposing a mental health treatment special condition that was not reasonably related to the sentencing factors in 18 U.S.C. § 3583. *Id.* at 213. That holding is inapposite because, in the case now before us, the error involves delegation rather than unreasonableness. Moreover, one of the factors that weighed against exercising our discretion to correct any error in *Mendoza-Velasquez* was the defendant's "extensive criminal history stretching back to when he was fourteen years of age," and the defendant in this case has no prior criminal history. *Id.* It is true, as the government notes, that our holding in *Mendoza-Velasquez* relied in part on the authority of district courts to modify special conditions at any time during a term of supervised release. *See id.* at 213–14.

However, we have expressly held that this is not dispositive. *Prieto*, 801 F.3d at 554. Moreover, the cases discussed above demonstrate that this factor has not deterred us from repeatedly vacating and remanding special conditions where the error involved delegation of sentencing authority. Thus, the exercise of our discretion to correct the erroneously ambiguous delegation in this case is consistent with our precedent.

**III.**

For the reasons stated above, we VACATE the substance-abuse treatment special condition of release and REMAND to the district court for resentencing, with the clarifying instruction we offered in *Franklin*, 838 F.3d at 568 (quoting *United States v. Lomas*, 643 F. App'x 319, 325 (5th Cir. 2016)):

> If the district court intends that the [treatment] be mandatory but leaves a variety of details, including the selection of a [treatment] provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in [treatment] to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.