# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN VIVIAN MORENO, also known as Adrian Vivian Palomares,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-213-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Adrian Vivian Moreno pleaded guilty to possession with intent to distribute 50 kilograms or more of marijuana. The district court sentenced him to 87 months of imprisonment, to be followed by 3 years of supervised release. As explained by the district court, Moreno's supervised release included a substance abuse treatment condition, which provided that he "participate as instructed and as deemed necessary by the Probation Office."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41357

Challenging his sentence on appeal, Moreno contends, in pertinent part, that the district court impermissibly delegated authority to the probation officer to determine whether he should undergo substance abuse treatment as a condition of his supervised release.

Because Moreno did not raise his challenge in the district court, our review is for plain error. *United States v. Franklin*, 838 F.3d 564, 566 (5th Cir. 2016). The imposition of supervised release conditions and terms "is a core judicial function that cannot be delegated." *Id.* at 568 (internal citation and quotation marks omitted). Moreno has shown clear or obvious error because the language of the challenged condition "created ambiguity as to whether the district court had permissibly delegated authority to decide the details of a sentence's implementation or had impermissibly delegated the authority to impose a sentence." *United States v. Barber*, __ F.3d __, 2017 WL 3299306, at *2 (5th Cir. Aug. 3, 2017).

Additionally, we conclude that this error affected Moreno's substantial rights because it involves "his right to be sentenced by an Article III judge." *Id.* at *2. Finally, we exercise our discretion to correct the error, in light of our vigilance in preserving "the judiciary's exclusive authority to impose sentences." *Id.* at *3 (internal citation and quotation marks omitted). Consequently, we VACATE the challenged condition of release and REMAND to the district court for resentencing, with the clarifying instruction we offered in *Franklin*, 838 F.3d at 568:

> If the district court intends that the [treatment] be mandatory but leaves a variety of details, including the selection of a [treatment] provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in [treatment] to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.