# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2018

Lyle W. Cayce
Clerk

No. 17-40821
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIANO EBERTH GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1612-4

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Mariano Eberth Garcia pleaded guilty to making false statements or representations with regards to firearm records. He was sentenced below the advisory guidelines range to 50 months of imprisonment and three years of supervised release. As special conditions of supervised release, the district court orally ordered at sentencing that Garcia participate in a drug and alcohol treatment program "as deemed necessary by the probation officer." The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40821

written judgment reflects that Garcia's participation in substance-abuse and alcohol-abuse treatment programs is mandatory, subject to the supervision of the probation officer.  The written judgment also included a special condition of supervised release prohibiting the use or possession of alcohol.  Garcia now appeals, challenging the orally pronounced treatment requirements and the written alcohol prohibition.

We review for plain error Garcia's unpreserved objection to the treatment conditions on the basis that it is ambiguous whether they impermissibly delegate sentencing authority to the probation officer.  *See United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017).  Garcia's presentence report (PSR) reflects a history of drug and alcohol use.  His substance abuse was discussed at sentencing, and his counsel requested that Garcia receive drug treatment while incarcerated.  Based on this record, we conclude that the district judge intended that drug and alcohol treatment be mandatory and permissibly delegated the details of that treatment to the probation officer.  *See United States v. Guerra*, 856 F.3d 368, 369 (5th Cir. 2017); *see also Barber*, 865 F.3d at 840 n.1.

We review Garcia's challenge to the discrepancy between the oral pronouncement of sentence and the written judgment for abuse of discretion. *See United States v. Morin,* 832 F.3d 513, 518-19 (5th Cir. 2016).  Based on the record evidence of Garcia's history of alcohol use and the orally pronounced supervised release condition requiring him to participate in an alcohol-abuse treatment, we conclude that the alcohol prohibition in the written judgment does not conflict with the oral pronouncement of sentence.  *See United States v. Mireles*, 471 F.3d 551, 557-58 (5th Cir. 2006); *see also United States v. Rodriguez-Barajas*, 483 F. App'x 934, 935 (5th Cir. 2012).

AFFIRMED.