# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30453

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALVONTRE GRIFFIN, also known as Tre,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16–CR–25–3

Before DAVIS, HIGGINSON, and WILLETT, Circuit Judges.

PER CURIAM:*

Alvontre Griffin, also known as Tre, asserts that the district court's written judgment and oral pronouncement conflict. Specifically, he argues that Paragraph 2's special conditions—substance abuse counseling, alcohol consumption abstinence, and payment for treatment costs—are all special conditions absent from oral pronouncement. Alternatively, Griffin says that even if there is no conflict, the written judgment unconstitutionally delegated discretion to the Probation Office to make Griffin participate in substance

---

* Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30453

abuse counseling and contribute to treatment costs. For the reasons below, we VACATE and REMAND in part, and AFFIRM in part.

I

As part of a plea agreement, Alvontre Griffin pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances and one count of possession of a stolen firearm. His plea agreement did not include a waiver of his rights on appeal. The district court sentenced him within the advisory guidelines range to 97 months of imprisonment for each count and supervised release terms of four years as to the drug count and three years as to the firearm count. The pair of prison terms and pair of supervised release terms were set to run concurrently. Griffin timely appealed.

At his sentencing hearing, after the sentence, the district court imposed various standard conditions for Griffin's supervised release. It also told him, "you are to submit to a random drug testing as directed by the probation office, and any substance abuse counseling as directed by the probation office." Griffin objected to the prison sentence's substantive reasonableness but did not otherwise contemporaneously object to the supervised-release conditions the district court imposed.

In the court's written judgment, paragraph 2 of the "Special Conditions of Supervision" stated:

> Should the Probation Office feel substance abuse counseling is necessary, the defendant will participate in any such program as approved by the United States Probation Office. The defendant shall refrain from alcohol consumption while in treatment. The defendant shall contribute to the costs of treatment in accordance with his ability to pay as determined by the Probation Office.

Griffin's appellate counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We denied counsel's motion and directed counsel to brief the following nonfrivolous issues:

2

No. 17-30453

(i) whether, in light of *United States v. Franklin*, 838 F.3d 564, 566–68 (5th Cir. 2016), the district court plainly, and reversibly, erred in directing Griffin to participate in substance abuse counseling as the Probation Office deems necessary and (ii) whether, in light of *United States v. Garcia-Flores*, 136 F. App'x 685, 689 (5th Cir. 2005), the district court abused its discretion in directing Griffin to "refrain from alcohol consumption while in treatment."

II

Griffin makes two primary arguments. First, the district court abused its discretion when it included paragraph 2 of the special conditions of supervised release in the written judgment. According to Griffin, each sub-condition—substance abuse counseling, alcohol consumption abstinence, and payment for treatment costs—conflicts with the oral pronouncement of Griffin's sentence because they are all special conditions that went unmentioned in the oral pronouncement. He contends that the conflict must be resolved by conforming the written judgment to the oral pronouncement, and he requests that we vacate paragraph 2 "and remand to the [district court] to strike the provisions in paragraph 2 from the written" judgment.

Second, Griffin argues that, even if there is no conflict, the district court's written judgment was an abuse of discretion. It unconstitutionally delegated discretion to the Probation Office to make Griffin participate in substance abuse counseling and contribute to treatment costs. Griffin requests that we "vacate the conditions in paragraph 2, and remand for resentencing."

A

We usually review special conditions of supervised release for abuse of discretion. *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). But when a defendant fails to object to the special condition in the district court, we review for plain error. *Id.* Where a condition imposed at sentencing differs from the condition imposed in the written judgment, the defendant would not

have had an opportunity to object to the condition. So, in those situations, we review for abuse of discretion. *See Franklin*, 838 F.3d at 566–67 (reviewing for abuse of discretion because at sentencing, district court did not mention the Probation Office much less define that office's role as it did in the written judgment).

Griffin argues that review should be for abuse of discretion. After all, the first time the Probation Office was given substance-abuse-counseling discretion was in the written judgment, meaning Griffin did not have the opportunity to object at the time of sentencing. The Government agrees that review is for abuse of discretion.

Ultimately, we—not the parties—decide the proper standard of review. *United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2015); *see also Ward v. Stephens*, 777 F.3d 250, 257 n.3 (5th Cir. 2015) ("A party cannot waive, concede, or abandon the applicable standard of review."), *abrogated on other grounds by Ayestas v. Davis*, 138 S. Ct. 1080 (2018). The written judgment undoubtedly confers discretion. Although the district court's oral pronouncement was shorter and worded a bit differently, use of the term "any" confers discretion. ("As I say, you are to submit to . . . *any* substance abuse counseling as directed by the probation office."). Thus, Griffin was on notice at his sentencing hearing that the district court intended to confer discretion to the Probation Office, and we conclude that he had an opportunity to object to the condition. Given that Griffin did not object to the special condition at the sentencing hearing, he must meet the plain-error standard to show reversible error. *See United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010) (applying plain-error review because defendant did not object at sentencing).

Griffin's argument that the oral pronouncement conflicts with the written judgment is misplaced. Both the oral pronouncement and the written judgment gave the Probation Office discretion to determine whether

counseling is necessary, even if the written judgment used different words. The Government's arguments regarding whether a conflict exists and whether the oral pronouncement is more "onerous" than the written judgment are likewise misplaced.

Under the plain-error standard, Griffin must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, we have the discretion to correct the error but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Imposing supervised release conditions and terms "is a core judicial function that may not be delegated." *Franklin*, 838 F.3d at 568 (internal quotation marks and citations omitted). A district court may delegate details of a treatment-related condition to a probation officer, but it may not give "a probation officer authority to decide *whether* a defendant will participate in a treatment program." *Id.* (internal quotation marks and citations omitted). *Franklin* vacated a mental health treatment condition that directed the defendant "to participate in a mental health program as deemed necessary and approved by the probation officer." *Id.* at 566–68. This phrase "create[d] an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed." *Id.* at 568 (internal quotation marks and citation omitted). Therefore, to the extent the district court phrased the condition in a manner that grants Griffin's probation officer discretion to decide *whether* he must participate, it erred by delegating a core judicial function. *See id.*

This error was obvious because a court's inability to delegate its judicial authority is not "subject to reasonable dispute" under current precedent. *Puckett*, 556 U.S. at 135; *see Franklin*, 838 F.3d at 568; *see also United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (holding that

we determine an error's plainness at the time of appeal). The next inquiry, then, is whether the district court's error affected Griffin's substantial rights and, if it did, whether the error warrants the exercise of our corrective discretion. *See Puckett*, 556 U.S. at 135.

We recently held in *United States v. Barber* that this type of error affected a defendant's substantial rights because a person other than an Article III judge performed a core judicial function. 865 F.3d 837, 840 (5th Cir. 2017).

As to the fourth plain-error prong, we must ask whether the error warrants exercising our discretion. *See United States v. Scott*, 821 F.3d 562, 571 (5th Cir. 2016). To answer that, we consider "the degree of the error and the particular facts of the case to determine whether to exercise our discretion." *United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (internal quotation marks and citation omitted). In *Barber*, we exercised our discretion to vacate the special condition and remand for resentencing. 865 F.3d at 841.

Although Griffin has arguably shown a clear or obvious error, he does not assert that the error affected his substantial rights—recall that he believes the appropriate standard is abuse of discretion. Neither does he argue that failure to correct any error would seriously affect the fairness, reputation, or integrity of judicial proceedings. *See Puckett*, 556 U.S. at 135. This weighs against finding reversible plain error. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010). We directed Griffin's counsel to address whether "the district court *plainly*, and reversibly, erred in directing Griffin to participate in substance abuse counseling as the Probation Officer deems necessary," but counsel has identified no effect on substantial rights or the proceeding's fairness, reputation, or integrity.

The Government also asserted that abuse-of-discretion review applies, relying on the faulty premise that the district court's oral pronouncement *required* that Griffin participate in substance abuse counseling rather than

No. 17-30453

delegating to the probation officer discretion to determine whether "any" counseling was warranted. So, the Government's request that we instruct "the district court to conform the written judgment to the more onerous oral pronouncement" is off the mark.

Considering Griffin's failure to address the third and fourth prong of plain-error review, it is not clear cut whether we should exercise our discretion to correct the error. Nonetheless, we will follow *Barber*'s example by VACATING the counseling condition and REMANDING to the district court with the same instruction given in *Franklin* and *Barber*:

> If the district court intends that the [counseling] be mandatory but leaves a variety of details, including the selection of a [counseling] provider and schedule to the probation officer, such a condition of probation may be imposed.  If, on the other hand, the court intends to leave the issue of the defendant's participation in [treatment] to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

*Franklin*, 838 F.3d at 568; *Barber*, 865 F.3d at 841.

B

Griffin argues that because the special condition prohibiting the use of alcohol in the written judgment was not orally pronounced, there is a conflict, and the condition should be vacated. He says the record is devoid of any "evidence of alcohol use or abuse" and the condition "bears no rational relationship to" his offense.

Because the district court's oral pronouncement did not include a directive that Griffin refrain from alcohol consumption while in counseling, Griffin did not have an opportunity to object to it and we review for abuse of discretion. *See Franklin*, 838 F.3d at 566–67. A defendant has a constitutional right to be present at sentencing; accordingly, where an oral pronouncement of

7

sentence conflicts with the written judgment, the oral pronouncement controls. *See United States v. Mireles*, 471 F.3d 551, 557–58 (5th Cir. 2006); *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). We said in *Mireles*, that "[t]he key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." 471 F.3d at 558.

In *Torres-Aguilar* we "emphasized the importance of whether the condition omitted from the oral pronouncement was a standard or a special condition of supervised release." 352 F.3d at 936 (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)). Generally, if standard conditions that were not in the oral pronouncement appear in the district court's written judgment, there is no conflict. *See id.* But "if the district court fails to mention a special condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." *United States v. Vega*, 332 F.3d 849, 852–53 (5th Cir. 2003) (per curiam). Yet, *Torres-Aguilar* clarified that "the Sentencing Guidelines' identification of the conditions enumerated in § 5D1.3(d) as 'special' does not foreclose the possibility that a district court may properly include them in its judgment without orally informing the defendant of the conditions at the sentencing hearing." 352 F.3d at 937 (citing *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002)). If the relevant circumstances § 5D1.3(d) mentions are present, then they are functionally standard conditions. *See id.* To determine whether the § 5D1.3(d) circumstances are present, we ask whether "the basis for imposing [the special condition] was undisputed and based on objective facts easily determined from the record." *United States v. Bigelow*, 462 F.3d 378, 382 (5th Cir. 2006).

Section 5D1.3(d)(4), which discusses special conditions dealing with substance abuse, recommends imposing its special conditions "[i]f the court has

reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." The PSR's findings indicate that Griffin began using marijuana (a controlled substance) when he was fourteen years old. He continued to use marijuana every day up to the instant offense. According to the PSR, Griffin began a drug treatment program in 2016, but failed to complete that program due to his instant offense, which involved between 112 and 196 grams of cocaine base. Nevertheless, in light our circuit's caselaw, it is not entirely clear whether the relevant § 5D1.3(d)(4) circumstances were present.

In *Torres-Aguilar*, we held that a special condition—a prohibition against possessing any dangerous weapon—transformed into a standard condition because the circumstances that supported imposing the weapons ban condition were objectively and undisputedly present. 352 F.3d at 937. A special condition against possessing dangerous weapons is recommended when the defendant has a prior felony conviction, and both sides recognized that the defendant had previously been convicted of a felony. *See id.* So, this special condition functionally became a standard condition, meaning it was permissible to include it in the written judgment even though the district court never orally announced it.

Contrast *Torres-Aguilar* with *United States v. Bigelow*, 462 F.3d 378. Unlike *Torres-Aguilar*, where the circumstances were binary—either the defendant had a prior felony conviction or he did not—and undisputed, *Bigelow* involved determining whether § 5D1.3(d)(4)'s relevant circumstances were present. Those circumstances are hazier, existing on a spectrum (whether "the defendant is an abuser of narcotics, other controlled substances or alcohol"). Even though there were portions of the record that could plausibly support finding that § 5D1.3(d)(4)'s relevant circumstances were present, we held that this was not the same sort of undisputed, objective basis that grounded our

No. 17-30453

*Torres-Aguilar* decision. *Bigelow*, 462 F.3d at 382. Accordingly, we remanded to the district court to conform its written judgment to the oral pronouncement because the two conflicted. *Id.* at 383.

Moreover, *Martinez* binds us: "The district court's failure to mention mandatory drug treatment in its oral pronouncement constitutes a conflict, not an ambiguity." 250 F.3d at 942. The special condition of mandatory drug treatment shares the same requisite circumstances as an alcohol abstinence condition. *See* U.S.S.G. § 5D1.3(d)(4)(A)–(B) (the court must determine whether "the defendant is an abuser of narcotics, other controlled substances or alcohol"). We distinguish Griffin's case from *Torres-Aguilar* and hold that this falls on the same side of the undisputed-and-objective standard as *Martinez* and *Bigelow*. Therefore, we REMAND to the district court to conform the written judgment to the pronouncement regarding the alcohol abstinence condition.

C

Finally, Griffin argues that the district court abused its discretion by conferring discretion on the probation officer to determine whether and how much Griffin contributes to his treatment costs.

The written judgment's requirement that Griffin "shall contribute to the costs of treatment in accordance with his ability to pay" does not conflict with the oral pronouncement of the substance abuse condition, which mentioned nothing about payment. We have affirmed such language before, explaining that it is nothing more than "an ambiguity" that is consistent with the sentencing court's intent (despite a lack of oral pronouncement). *See, e.g.*, *United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002) (affirming written judgment's added language requiring defendant to pay for costs of drug treatment, sex offender counseling, and anger management counseling). In *Vega*, 332 F.3d at 852, we reasoned that "the requirement that a defendant

bear the costs of his drug treatment is 'clearly consistent' with the court's intent that he *attend* treatment," and concluded that "no modification" of the judgment was warranted. *Id.*

Although the language requiring Griffin to contribute to substance-abuse-counseling costs was not pronounced at the sentencing hearing, it is consistent with the condition that he participate in counseling. Accordingly, the written judgment's specification that Griffin contribute to the costs of substance abuse counseling did not conflict with the oral pronouncement of the condition. *See Warden*, 291 F.3d at 365.

## III

In sum, we VACATE and REMAND with respect to the first two issues—substance abuse counseling and refraining from consuming alcohol. We AFFIRM with respect to the third issue—payment for treatment costs.