**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4651**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

      v.

RAUMEEN ABDI SHIRAZ,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00307-RJC-1)

Submitted: July 25, 2019                   Decided: August 13, 2019

Before WILKINSON and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Melissa S. Baldwin, Assistant Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Sanjeev Bhasker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raumeen Abdi Shiraz appeals from the district court's modification of his conditions of supervised release. On appeal, Shiraz challenges only two new conditions: (1) a requirement that he seek prior approval from his probation officer before operating a business, and (2) more extensive computer monitoring:

> 2. The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers . . . the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage . . .

> 5. The defendant shall not operate a business without the prior approval of the Probation Office. Any business in which the defendant operates which re-distributes chemicals in any capacity shall be operated in an appropriate facility suitable for the receipt, measuring, and redistribution of chemicals.

For the reasons that follow, we vacate and remand.

Shiraz initially pleaded guilty and was convicted of possession with intent to distribute a controlled substance (methylone), 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm by a felon, 18 U.S.C. § 922(g) (2012). (J.A. 54). Shiraz, a previously convicted felon, admitted selling 3.354 kilograms of the chemical methylone and possession of firearms by a convicted felon. Shiraz used his computer to purchase and sell chemicals (both legal and illegal) online, including sales to undercover law enforcement.

After Shiraz was released to supervision, he resumed his chemical supply business. While authorities did not find any illegal chemicals, the probation officer remained concerned that Shiraz would repeat his illegal behavior. In addition, the probation officer

2

sought to protect Shiraz and the public from mishandling of chemicals, which could lead to explosions. Accordingly, the probation office sought the imposition of the challenged conditions.

"The [district] court may impose any special condition that is reasonably related to the [relevant] statutory sentencing factors" in 18 U.S.C. § 3553(a) (2012), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide for adequate deterrence, the need to protect the public, and the need to provide the defendant with training, medical care, or treatment. *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted); see 18 U.S.C.A. § 3583(d) (West 2015 & Supp. 2018). The district court "must also ensure that the condition involves no greater deprivation of liberty than is reasonably necessary" and that it is consistent with Sentencing Commission policy statements. *Douglas*, 850 F.3d at 663 (internal quotation marks omitted). A "particular restriction does not require an offense-specific nexus, but the sentencing court must adequately explain its decision and its reasons for imposing [the chosen condition]." *Id.* at 663 (internal quotation marks omitted). In addition, the imposition of supervised-release conditions must be based on an individualized assessment of the defendant and the factors listed above. *See United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (vacating special conditions of supervised release because the district court "offered no explanation as to their necessity in Armel's case" (emphasis added)). We review for abuse of discretion only. *Douglas*, 850 F.3d at 663.

3

The imposition of supervised release terms "is a core judicial function." *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996). Such core judicial functions cannot be delegated to a probation officer. Such delegation violates Article III of the Constitution. *United States v. Johnson*, 48 F.3d 806, 808-09 (4th Cir. 1995); *see also United States v. Myers*, 426 F.3d 117, 130 (2d Cir. 2005) (applicability of special condition is non-delegable).

"[C]ourts may use nonjudicial officers, such as probation officers, to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility." *Miller*, 77 F.3d at 77. To determine whether a delegation is proper, courts "distinguish[ ] between those delegations that 'merely task the probation officer with performing ministerial acts or support services related to punishment imposed, and those that allow the officer to decide the nature and extent of the defendant's punishment.'" *United States v. Schrode*, 839 F.3d 545, 555 (7th Cir. 2016) (quoting *United States v. Mike*, 632 F.3d 686, 695 (10th Cir. 2011)). If a court determines "whether a defendant must abide by a condition, and how[,]" it can then "delegate to the probation officer the details of *where and when* the condition will be satisfied." *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005) (emphasis in original).

Thus, while limiting a defendant from operating certain businesses may be appropriate depending on the circumstances, delegating to the probation officer the authority to decide what, if any, types of businesses are proper is a violation of Article III. *See United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001) ("If [the defendant] is required to participate in a mental health intervention only if directed to do so by his

4

probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer."). Here, the district court delegated to the probation officer the authority to determine whether Shiraz could operate a business. While the court provided certain requirements for any potential chemical business, the court delegated to the probation officer the decision as to whether any other businesses would be appropriate and even whether a chemical business that complied with the court's restrictions would be allowed. The court explicitly declined to prohibit Shiraz from operating any business, instead letting the probation officer decide if Shiraz should be so prohibited. As a result, the district court did not determine whether Shiraz should be restricted from operating a business, thereby failing to retain and exercise ultimate responsibility over a condition of supervision, and instead left this decision to the probation officer's discretion. *Miller*, 77 F.3d at 77; *see United States v. Voelker*, 489 F.3d 139, 154-55 (3d Cir. 2007) (finding condition prohibiting a defendant from associating with minors without the prior approval of the probation officer constituted an "unbridled delegation of authority"); *see also United States v. Wag*ner, 872 F.3d 535, 542-43 (7th Cir. 2017) (holding condition that permitted treatment provider to determine whether to restrict defendant's access to adult pornography was impermissible delegation); *United States v. Barber*, 865 F.3d 837, 840 (5th Cir. 2017) (vacating condition with language restricting "as deemed necessary and approved by the probation officer[,]" because it creates ambiguity as to whether the district court impermissibly delegated authority). Thus, we vacate the restriction and remand for further proceedings. Because we determine that the business restriction was an improper delegation of authority, we decline to address Shiraz's

5

alternate argument that the district court failed to make necessary findings and properly explain the business operation condition.

Next, Shiraz challenges the computer restriction, contending that it is a greater deprivation of his liberty than was necessary. As noted above, the computer restriction requires Shiraz to accept continuous and complete monitoring of all of his computer activity. The condition involves a significant liberty intrusion. *See Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018) (cell site monitoring that is continuous and long term "provides an intimate window into a person's life" the records of which "hold for many Americans the privacies of life.").

The district court's explanation for imposing this condition was that the condition would protect the public and that Shiraz had been deceptive, had a disturbing background, and was potentially involved with the same type of conduct for which he had been convicted. The district court did not explain why such a broad restriction was necessary in this case to serve the relevant sentencing factors, nor did it explain why the prior lesser restrictions were ineffective. Moreover, the restriction applies to all computers to which Shiraz has access, which would presumably include computers owned by his employer which would also impact his ability to obtain employment. *See Mike*, 632 F.3d at 694 (finding similar condition was vague, as it could be reasonably interpreted to apply to any computer the defendant used, not just ones he owned).

Moreover, the monitoring of "any and all activities," including even "the capture of keystrokes," lacks any tailoring to avoid an overbroad interpretation. For example, in *United States v. Lifshitz*, 369 F.3d 173 (2d Cir. 2004), the Second Circuit remanded a

6

computer monitoring condition with instructions to consider the efficacy of different techniques against their respective intrusions, noting that "narrowly circumscribed monitoring via software" might be less intrusive than monitoring that investigates all computer-based activities. *Id.* at 191-93*; see also United States v. Sales*, 476 F.3d 732, 737-38 (9th Cir. 2007) (holding that "[a] computer monitoring condition in some form may be reasonable[,]" but generally requiring installation of search and/or monitoring software was overbroad and remand needed for "further tailoring and clarification").

Here, the monitoring is not tethered to any particular conduct and captures all computer activity regardless of any connection to a recidivism risk. Shiraz's condition monitors "any and all [of his] activity," even activity without a connection to the internet. *See United States v. Quinzon*, 643 F.3d 1266, 1271-74 (9th Cir. 2011) (avoiding overbreadth issue through alternative construction that interpreted the condition to not monitor activities unrelated to the internet). The absence of any limitations violates the requirement that the computer-usage conditions avoid restricting Shiraz's liberty more than reasonably necessary, especially given the district court's lack of specific reasoning or analysis. *See, e.g., United States v. West*, 829 F.3d 1013, 1021 (8th Cir. 2016) (vacating overbroad condition that prohibited creating any website, because it failed to tailor the restriction to fit the defendant's crime for aiding and abetting tax evasion). Because the condition involves a greater restriction of liberty than is reasonably required by the district court's stated concerns, we vacate this condition as well.

We emphasize that supervised release conditions on computer usage and business operations not per se impermissible, but that those imposed here must be narrowed to reflect a sufficient nexus to the factors enumerated in § 3553(a).

Accordingly, we vacate the computer-monitoring condition and the business approval condition contained in the modification of Shiraz's supervised release conditions. We remand for further consideration by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*