# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2022

Lyle W. Cayce
Clerk

No. 21-11265
CONSOLIDATED WITH
No. 21-11269
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES WILKS,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-106-1
USDC No. 4:21-CR-302-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

James Wilks appeals the consecutive 24-month, statutory-maximum sentences he received on revocation of his concurrent terms of supervised

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

release. We review the sentences under the plainly unreasonable standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020); *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).

Wilks asserts that the district court judge, the same judge who presided over his initial sentencing, failed to consider his personal history and characteristics. The claim is belied by the record, which discloses, in addition to his military service, post-traumatic stress disorder and substance abuse, his prior lenient sentences, and his numerous, repetitive, and increasingly serious supervised release violations. *See* 18 U.S.C. § 3553(a)(1); *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). Wilks fails to show his sentence is plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843; *Warren*, 720 F.3d at 332; *United States v. Whitelaw*, 580 F.3d 256, 261–65 (5th Cir. 2009). His argument essentially seeks to have this court reweigh the § 3553(a) factors, which we will not do. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

For the first time on appeal, Wilks also argues that the statutory-maximum life term of supervised release he received on revocation of his release in the underlying child pornography case is substantively unreasonable. Because he did not object to the supervised release term or make any argument about the reimposition of supervised release, review is for plain error only. *See United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017). To establish plain error, Wilks must show a forfeited error that is clear or obvious that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

Wilks has not demonstrated any clear or obvious error. He fails to identify or argue what sentencing factor the district court should have

No. 21-11265
c/w No. 21-11269

considered but did not, to what irrelevant or improper factor the district court gave significant weight, or how the district court made a clear error in balancing the § 3553(a) factors and has therefore abandoned such argument.[1] *See Warren*, 720 F.3d at 332; *see also United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Even if not abandoned, any such argument is unpersuasive. The district court made an individual assessment based on Wilks's history and characteristics, the need to protect the public, and the need to afford adequate deterrence. *See Warren*, 720 F.3d at 332; *Miller*, 634 F.3d at 844. His disagreement with that assessment is insufficient to show error. *See Campos-Maldonado*, 531 F.3d at 339.

   AFFIRMED.

---

[1] Wilks's assertion that a lesser supervised release term would provide sufficient public protection and deterrence does not amount to an argument that the district court failed to consider these factors; instead, at best, he argues that the district court gave them too much weight, which amounts to a mere disagreement with the court's balancing of the factors. *See Campos-Maldonado*, 531 F.3d at 339.